IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEE SCHWENK, Individually, and on behalf of all others similarly situated,<br>　　　　Plaintiff<br><br>　　　v.<br><br>JOSEPH GARCIA, CORRECTIONS SPECIAL APPLICATION UNIT, LLC, YORK COUNTY, PENNSYLVANIA d/b/a/ YORK COUNTY PRISON, JULIE WHEELER, DOUG HOKE, RON SMITH, ADAM OGLE, CLAIR DOLL, and JOHN DOE and JANE DOE, CORRECTION OFFICERS<br>　　　　Defendants | NO. 1:21-CV-02079<br><br>HON. SYLVIA H. RAMBO<br><br>ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |

## THE COUNTY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST JOSEPH GARCIA

**I.　　STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This Brief is filed by the County Defendants[1] in opposition to Plaintiff's Motion for Default Judgment against Joseph Garcia.

Plaintiff initiated this action by filing a Complaint on December 13, 2021. Doc. 1. Plaintiff's claims arise out of his incarceration at the York County Prison ("YCP). Id. More specifically, Plaintiff claims that his constitutional rights were violated in

---

[1] The County Defendants are York County Pennsylvania d/b/a York County Prison, Julie Wheeler, Doug Hoke, Ron Smith, Adam Ogle, and Clair Doll.

connection with alleged events involving YCP's "CSAU1 Team" that occurred in the spring and summer of 2021. Id.

In addition to the County Defendants, Plaintiff has attempted to assert claims in this action against Joseph Garcia, Corrections Special Application Unit, LLC, and unidentified "John Doe" corrections officers. See Doc. 1. On February 21, 2022, Plaintiff filed a "Praecipe to Enter Default Judgment Against Joseph Garcia," which has been construed as a Motion for Default Judgment. Doc. 15. This Brief is filed in opposition to Plaintiff's Motion. Among other deficiencies, the Motion should be denied because Plaintiff has not effected proper service on Garcia.

## II.     QUESTION PRESENTED

A. Whether Plaintiff's Motion for Default Judgment should be denied because Joseph Garcia has not been served and a default judgment cannot be entered against an unserved party?

Suggested answer:   In the affirmative.

## III.    ARGUMENT

Plaintiff argues that a default judgment should be entered against Garcia because he has purportedly failed to respond to the Complaint. Docs. 15, 15-1. More specifically, Plaintiff alleges that Garcia was served with the Summons and Complaint on January 5, 2022, such that his response to the Complaint is overdue. Doc. 15-1 at ¶¶ 5-7. In support of this proposition, Plaintiff attaches a Proof of Service to the Motion, which was completed by a private process server and previously filed on the docket. Doc. 15-2.

A cursory review of the Proof of Service confirms that Garcia has *not* been properly served with the Summons or Complaint. The first page of the Proof of Service reflects the following:



Doc. 15-2. Based on this attestation, it is clear that the Summons and Complaint were served on an individual, Stephanie Wells, who claimed to have authority to accept service on behalf of CSAU-1, CSAU, and Corrections Special Application Unit. Id. There is no indication that Stephanie Wells accepted service on behalf of Garcia, or that she had authority to do so. Id. Likewise, there is no indication that Garcia was personally served with a copy of the Summons or Complaint by the process server, or that the address at which the process server delivered the Summons and Complaint was Garcia's dwelling. Under those circumstances, Plaintiff has not properly served Garcia with the Summons and Complaint. Fed.R.Civ.P. 4(e).

As this Honorable Court has explained:

> Entry of default against an unserved defendant is improper. For default to be proper, a defendant's failure to plead must have violated the rules of civil procedure. Aguiar v. Recktenwald, No. 3:13-CV-2616, 2014 U.S. Dist. LEXIS 57354, *3 (M.D. Pa. Apr. 24, 2014). A defendant is not required to file a responsive pleading until the plaintiff properly serves the complaint…As the Defendants in this case have not been properly served, they have not run afoul of the Federal Rules of Civil Procedure and are

not subject to a drastic penalty such as entry of default judgment for their failure to appear.

Lawson v. Munley, No. 3:16-CV-512, 2017 U.S. Dist. LEXIS 69147, *2-3 (M.D. Pa. May 4, 2017).

Given the foregoing, Plaintiff's Motion should be denied. Garcia has not been properly served, and Garcia consequently was under no obligation to respond to the Complaint. Thus, the entry of default judgment against Garcia would be improper under the law.

### IV.  CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that this Honorable Court deny Plaintiff's Motion for Default Judgment against Joseph Garcia.

Respectfully submitted,

**THOMAS, THOMAS & HAFER, LLP**

Dated: February 23, 2022      By:   /s/ *Matthew R. Clayberger*
                                    Matthew R. Clayberger, Esquire
                                    PA Attorney No. 316102
                                    Amanda L. Hennessey, Esquire
                                    PA Attorney No. 314312
                                    PO Box 999
                                    Harrisburg, PA  17108-0999
                                    (717) 237-7150
                                    mclayberger@tthlaw.com
                                    Counsel for the County Defendants

## CERTIFICATE OF WORD COUNT

The undersigned certifies that the foregoing Brief contains 649 words according to the word count function on Microsoft Word, which is within the word limit set forth in Local Rule 7.8.

**THOMAS, THOMAS & HAFER, LLP**

Dated: February 23, 2022     By:  /s/ *Matthew R. Clayberger*
                                  Matthew R. Clayberger, Esquire

## CERTIFICATE OF SERVICE

I, April Casper, of the law firm of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon the following via ECF Filing:

| | |
|---|---|
| Leticia C. Chavez-Freed, Esq. | leticia@chavez-freedlaw.com |
| Alexandria J. Lappas, Esq. | alexandria@chavez-freedlaw.com |
| Alan Denenberg, Esq. | adenenberg@adlawfirm.com |

**THOMAS, THOMAS & HAFER, LLP**

Dated: February 23, 2022     By:  /s/ *April Casper*
                                  April Casper