IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEE SCHWENK and KIETH DRUCK, Individually, and on behalf of all others similarly situated, Plaintiff<br><br>v.<br><br>JOSEPH GARCIA, CORRECTIONS SPECIAL APPLICATION UNIT, LLC, YORK COUNTY, PENNSYLVANIA d/b/a/ YORK COUNTY PRISON, JULIE WHEELER, DOUG HOKE, RON SMITH, ADAM OGLE, CLAIR DOLL, and JOHN DOE and JANE DOE, CORRECTION OFFICERS Defendants | NO. 1:21-CV-02079<br><br>HON. JENNIFER P. WILSON<br><br>ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |

## MOTION TO DISMISS OF DEFENDANTS YORK COUNTY, PENNSYLVANIA D/B/A YORK COUNTY PRISON; JULIE WHEELER; DOUG HOKE; RON SMITH; ADAM OGLE; AND CLAIR DOLL

AND NOW, Defendants York County, Pennsylvania d/b/a York County Prison; Julie Wheeler; Doug Hoke; Ron Smith; Adam Ogle; and Clair Doll (collectively, "Moving Defendants"), by and through their attorneys, Thomas, Thomas & Hafer, LLP, file this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

1. Plaintiff initiated this action by filing a Complaint on December 13, 2021. Doc. 1.

2. On February 10, 2022, Moving Defendants filed a Motion to Dismiss Plaintiff's Complaint. In response, Plaintiffs filed an Amended Complaint on March 3, 2022. Doc. 19.

3. Plaintiffs' claims arise out of their incarceration at the York County Prison ("YCP"). Id.

4. More specifically, Plaintiffs, who purport to act on behalf of a class of similarly situated YCP inmates, claim that their constitutional rights were violated in connection with alleged events involving YCP's "CSAU1 Team" that occurred in the spring and summer of 2021. Id.

5. In their Amended Complaint, Plaintiffs attempt to assert the following claims against Moving Defendants: 1) excessive force and cruel and unusual punishment under the Fourth, Eighth, and Fourteenth Amendments (Count I & II); 2) substantive due process (Count IV); 3) claims under 42 U.S.C. § 1983 for conspiracy and failure to prevent conspiracy (Count V); and 4) a Monell claim (Count VI). Moving Defendants have filed a Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6).

> **A. Plaintiffs Fail to State a Legally Cognizable Substantive Due Process Claim Against Moving Defendants.**
>
> **i. Plaintiffs' Substantive Due Process Claim is Barred By The More-Specific-Provision Rule Because The Allegations Supporting The Claim Are Subsumed by Plaintiffs' Claims for Cruel and Unusual Punishment and Excessive Force.**

6. In Count IV of the Amended Complaint, Plaintiffs attempt to assert a substantive due process claim based on allegations that Defendants Wheeler, Hoke, Smith, Ogle and/or Doll entered into a contract with Garcia and CSAU1 to provide training to the York County Prison, which led to the alleged infliction of "aggressive and violent tactics…that injured pre-trial detainees and convicted prisoners." Doc. 1 at ¶¶176.

7. Plaintiff Schwenk has separately asserted a Fourteenth Amendment claim against Moving Defendants for excessive force. Id. at Count I.

8. Plaintiff Druck has separately asserted an Eighth Amendment claim against Moving Defendants for excessive force and cruel and unusual punishment. Id. at Count II.

9. Plaintiffs' claims for excessive force and cruel and unusual punishment are based on nearly-identical allegations that Plaintiffs were subjected to the improper use of force that led to physical and emotional harm. Id., *generally*.

10. The Supreme Court established the "more-specific-provision rule" based on its "reluctance to expand the concept of substantive due process." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (quoting Cnty. of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998)).

11. "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric

3

of substantive due process.'" Id. (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)).

12. Although Plaintiffs have modified their substantive due process claim in their Amended Complaint by adding allegations relating to the contract with Garcia and CSAU1, the allegations ultimately still focus on the purportedly unjustified infliction of physical and emotional abuse.

13. Those allegations still fit squarely within the contours of Plaintiffs' claims for cruel and unusual punishment and excessive force, which arise under the more specific protections of the Eighth Amendment.

14. Accordingly, Plaintiffs' substantive due process claim should be dismissed pursuant to the more-specific-provision rule.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss Plaintiffs' claim in Count IV against them with prejudice.

### ii. Plaintiffs' Substantive Due Process Claim Should Be Dismissed as Plaintiffs' Do Not Allege Any Conscience-Shocking Conduct.

15. As explained more fully in the supporting Brief, a substantive due process claim requires a showing of conscience-shocking behavior, which has been defined as behavior that "offends a sense of justice, runs afoul of the decencies of civilized society, or is intended to injure in a manner unjustified by any government interest." Kobrick

v. Stevens, No. 3:13-CV-2865, 2017 U.S. Dist. LEXIS 141694, *14 (M.D. Pa. Sept. 1, 2017) (citations omitted).

16. Plaintiffs' Amended Complaint fails to allege facts that demonstrate a violation of substantive due process protections.

17. Plaintiffs merely allege that Defendants Wheeler, Hoke, Smith, Ogle and/or Doll entered into a contract with Garcia and CSAU1 despite being warned not to do so. Doc. 1, ¶¶39 – 44, 176-177.

18. The act of a correctional facility entering into a contract for corrections-related training does not meet the exacting standard of conscience-shocking conduct as defined by the courts.

19. Accordingly, Plaintiffs' substantive due process claim should be dismissed as Plaintiffs' do not allege any conscience-shocking conduct.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss Plaintiffs' claim in Count IV against them with prejudice.

### B. Plaintiffs Fail to Allege Factual Allegations to Support Their § 1983 Claims for Conspiracy and Failure to Prevent Conspiracy.

20. In Count V of the Amended Complaint, Plaintiffs attempt to assert § 1983 claims for conspiracy and failure to prevent conspiracy.

21. To state a conspiracy claim under § 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional

right under color of law." R.B. v. Hollibaugh, No. 1:16-CV-01075, 2017 U.S. Dist. LEXIS 14779, at *42 (M.D. Pa. Feb. 1, 2017).

22. "[I]t is a longstanding rule in the Third Circuit that a mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." Id. at *42-43.

23. "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Id. at *43.

24. "To constitute a conspiracy, there must be a 'meeting of the minds.'" Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008).

25. Thus, a claim for conspiracy under Section 1983 requires the plaintiff to make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Jacobs v. DA's Office, No. 1:10-cv-02622, 2018 U.S. Dist. LEXIS 44583, at *50 (M.D. Pa. Mar. 19, 2018)(pro se plaintiff was given the benefit of a liberal construction of his pleadings even if such pleadings would be insufficient for a represented plaintiff).

26. Here, Plaintiffs have failed to allege sufficient factual allegations to support a § 1983 conspiracy claim.

27. Plaintiffs have alleged that the Moving Defendants contracted with Garcia and CSAU1 to train YCP staff, to create policies for YCP, and to create and implement a YCP Special Operations Unit despite being warned not to do so. Doc. 1, ¶¶18, 176.

28. Then, Plaintiffs allege that Garcia and CSAU1, with the permission of Moving Defendants, entered the prison on March 21, 2021; May 1, 2021; and June 9, 2021 and violated Plaintiffs constitutional rights. Id. at ¶183.

29. These allegations do not support the existence of a conspiracy.

30. Beyond the mere fact that the contract was entered into between the parties, there are no factual allegations that the parties conspired to violate the Plaintiffs' constitutional rights.

31. There are certainly no facts pled to indicate that there was a "meeting of the minds" to deprive Plaintiffs of a constitutional right.

32. There are no allegations of the parties plotting or planning to carry out a chain of events which deprived Plaintiffs of a constitutional right.

33. Accordingly, Plaintiffs have failed to state a viable claim for conspiracy, and they have also failed to state a claim for failure to prevent conspiracy, since there can be no failure to prevent conspiracy in the absence of an underlying conspiracy.

34. Therefore, Plaintiffs' § 1983 claims in Count V for conspiracy and failure to prevent conspiracy should be dismissed.

WHEREFORE, Moving Defendants respectfully request that this Honorable Court grant their Motion to Dismiss and dismiss Count V with prejudice.

                                                 Respectfully submitted,

                                                 **THOMAS, THOMAS & HAFER, LLP**

Dated: March 24, 2022        By:    */s/ Matthew R. Clayberger*
                                                        Matthew R. Clayberger, Esquire
                                                        PA Attorney No. 316102
                                                       Amanda L. Hennessey, Esquire
                                                       PA Attorney No. 314312
                                                       PO Box 999
                                                       Harrisburg, PA  17108-0999
                                                       (717) 237-7150
                                                       mclayberger@tthlaw.com
                                                       Counsel for the County Defendants

## CERTIFICATE OF CONCURRENCE

Pursuant to Local Rule 7.1, concurrence in the instant Motion was sought via email on March 22, 2022. Plaintiff's counsel did not respond to the request for concurrence.

**THOMAS, THOMAS & HAFER, LLP**

Dated: March 24, 2022  By:  */s/ Matthew R. Clayberger*
Matthew R. Clayberger, Esquire

## CERTIFICATE OF SERVICE

I, April Casper, of the law firm of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon the following via ECF Filing:

Leticia C. Chavez-Freed, Esq.   leticia@chavez-freedlaw.com

Alexandria J. Lappas, Esq.   alexandria@chavez-freedlaw.com

Alan Denenberg, Esq.   adenenberg@adlawfirm.com

**THOMAS, THOMAS & HAFER, LLP**

Dated: March 24, 2022  By:  */s/ April Casper*
April Casper