IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LEE SCHWENK and KIETH DRUCK, Individually, and on behalf of all others similarly situated, Plaintiff<br><br>v.<br><br>JOSEPH GARCIA, CORRECTIONS SPECIAL APPLICATION UNIT, LLC, YORK COUNTY, PENNSYLVANIA d/b/a/ YORK COUNTY PRISON, JULIE WHEELER, DOUG HOKE, RON SMITH, ADAM OGLE, CLAIR DOLL, and JOHN DOE and JANE DOE, CORRECTION OFFICERS Defendants | NO. 1:21-CV-02079<br><br>HON. JENNIFER P. WILSON<br><br>ELECTRONICALLY FILED<br><br>JURY TRIAL DEMANDED |

## REPLY BRIEF IN SUPPORT OF THE MOTION TO DISMISS OF DEFENDANTS YORK COUNTY, PENNSYLVANIA D/B/A YORK COUNTY PRISON; JULIE WHEELER; DOUG HOKE; RON SMITH; ADAM OGLE; AND CLAIR DOLL

**I.   INTRODUCTION**

On March 24, 2022, Defendants York County, Pennsylvania d/b/a York County Prison; Julie Wheeler; Doug Hoke; Ron Smith; Adam Ogle; and Clair Doll (collectively, "York County Defendants") filed a Motion to Dismiss and supporting Brief. Docs. 26, 27. In those filings, York County Defendants' argued that Plaintiffs' Substantive Due Process claim should be dismissed because the same is barred by the more-specific-provision rule and because Plaintiffs' do not allege conscience-shocking conduct. Id.

York County Defendants also argued that Plaintiffs' § 1983 claims for Conspiracy and Failure to Prevent Conspiracy should be dismissed because Plaintiffs fail to allege factual allegations to support these claims.

Plaintiffs filed a Brief in Opposition to the Motion to Dismiss on April 7, 2022. Doc. 32. Most of the issues addressed in the York County Defendants' Motion to Dismiss have been fully briefed and need not be repeated here. This Reply Brief is filed for the limited purpose of responding to arguments asserted in Plaintiffs' opposition filing.

## II.   ARGUMENT

### A. Plaintiffs' Substantive Due Process Claim is Barred By The More-Specific-Provision Rule Because The Allegations Supporting The Claim Are Subsumed by Plaintiffs' Claims for Cruel and Unusual Punishment and Excessive Force.

In their Brief in Opposition, Plaintiffs attempt to separate the contracting process between the York County Defendants and the Garcia/CSAU Defendants from the specific events where Plaintiffs allege excessive force was used. By drawing this distinction, Plaintiffs argue that the more-specific-provision rule is inapplicable. This argument is unavailing.

A cursory review of the Complaint indicates that the York County Defendants' conduct in entering into a contract with the Garcia/CSAU Defendants was part and parcel of a series of events that led to a single harm, *i.e.* the alleged use of excessive force. Plaintiffs do not allege that the contract itself caused them any harm. Rather,

the Complaint makes clear that the contract was the catalyst behind the alleged excessive force that they experienced later. As a result, and for the reasons stated more fully in the Motion to Dismiss and Brief, Plaintiffs' substantive due process claim is barred by the more-specific-provision rule.

### B. Plaintiffs Fail to Allege Factual Allegations to Support Their § 1983 Claims for Conspiracy and Failure to Prevent Conspiracy.

In Plaintiffs' argument in support of their § 1983 Claims for Conspiracy and Failure to Prevent Conspiracy, they rely solely on the fact that the York County Defendants entered into a contract for training with Garcia/CSAU1 to establish the existence of a conspiracy. Plaintiffs allege that the contract was entered into in November 2020. After entering into the contract, Plaintiffs first allegation that their constitutional rights were violated was approximately four months later on March 21, 2021. These allegations are not enough to support that the parties conspired to violate the Plaintiffs' constitutional rights. Thus, Plaintiffs have failed to allege a viable conspiracy claim. And, by necessary implication, Plaintiffs also have failed to state a claim for failure to prevent conspiracy, since there can be no failure to prevent a conspiracy in the absence of an underlying conspiracy.

### III.  CONCLUSION

For the foregoing reasons, and those stated more fully in their Motion to Dismiss and Brief, York County Defendants respectfully request that this Honorable Court grant their Motion to Dismiss.

                                         Respectfully submitted,

                                         **THOMAS, THOMAS & HAFER, LLP**

Dated: April 20, 2022          By:    <u>/s/ *Matthew R. Clayberger*</u>
                                                          Matthew R. Clayberger, Esquire
                                                          PA Attorney No. 316102
                                                          Amanda L. Hennessey, Esquire
                                                          PA Attorney No. 314312
                                                          PO Box 999
                                                          Harrisburg, PA  17108-0999
                                                          (717) 237-7150
                                                          mclayberger@tthlaw.com
                                                          Counsel for the County Defendants

## CERTIFICATE OF WORD COUNT

The undersigned certifies that the foregoing Brief contains 537 words according to the word count function on Microsoft Word, which is within the word limit set forth in Local Rule 7.8.

**THOMAS, THOMAS & HAFER, LLP**

Dated: April 20, 2022        By:    /s/ *Matthew R. Clayberger*
                                    Matthew R. Clayberger, Esquire

## CERTIFICATE OF SERVICE

I, April Casper, of the law firm of Thomas, Thomas & Hafer, LLP, hereby state that a true and correct copy of the foregoing document(s) was served upon the following via ECF Filing:

Leticia C. Chavez-Freed, Esq.        leticia@chavez-freedlaw.com

Alan Denenberg, Esq.                 adenenberg@adlawfirm.com

**THOMAS, THOMAS & HAFER, LLP**

Dated: April 20, 2022        By:    /s/ *April Casper*
                                    April Casper