IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER SCHWENK et al. | : | |
| Plaintiffs | : | Civil Action No. 1:21-CV-02079 |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | Mag. Judge Martin Carlson |
| JOSEPH GARCIA et al. | : | |
| Defendants | : | *Electronically Filed* |

## MOTION TO INTERVENE BY PUTATIVE CLASS MEMBERS

Putative Class Members, who are identified in more detail below, by and through the undersigned attorneys, hereby file this Motion to Intervene in the above captioned matter pursuant to Fed. R. Civ. P. 24 and in support thereof avers as follows:

1. Plaintiffs, Christopher Schwenk and Keith Druck (hereinafter "Plaintiffs") filed a putative class action against Defendants for the violation of their constitutional rights while incarcerated in York County Prison (hereinafter "YCP").

2. Specifically, the Amended Complaint alleges a claim by Schwenk on behalf of himself and all similarly situated pretrial detainees under the Due Process Clause of the Fourteenth Amendment (Count I), and a alleges claim by Druck on

behalf of himself and all similarly situated inmates under the Eighth Amendment (Count II). (Doc, 19, ¶¶ 6, 7).

3. Under the heading "CLASS ACTION ALLEGATIONS", the Amended Complaint further identifies a number of putative class members that undersigned counsel represents, namely:

> Louis Reyes Aleman, Ronald Boyd, Samee Childs, Michael Clark, Wyatt Dettinger, Daiquan Dickerson, Frank Dortch, Syied Drummond, Michael Failla, Christopher Gibson, Richard Heikes, Jose Ruiz Hernandez, David Vincent Heim, Tay-Yaugnn Chandler-Hope, Ronald Hyser, Bryan Manso Jimenez, Michael Edwin Johnson Jr., Scott Jones, Michael Keys Jr., Gregory Kinard, Scott Klunk, Jacob Largent, David Leatherman, Shaker Luzinger, Hector Morales, Bryan Morris, Fabian Morris, Jonathan Murray, Christopher Nduku, Charles Eugene Nolden, Nelson Ortiz, Alexander Pabon, Jr., Christian Piette, Isaias Ramos, Luis Rodriguez, Jr., Zachary Blake Schalizki, David Seecharran, Wayne Smith, Jr., Zukael Stephens, Justin Tayman, James Thompson, Richard Tyler, Isaiah Valenti, Brian Pena Villanueva, Julian Gallegos Villanueva, De'Sean Williams, Gordon Wilson, and Joshua Zink.

(Doc, 19, ¶ 19).

4. Plaintiffs filed a Motion for Class Certification and supporting Brief on March 11, 2022, (Doc. 21, 23), and by Report and Recommendation entered on January 24, 2022, the Magistrate Judge recommended that the Motion for Certification be denied because individual legal and factual issues related to liability and damages predominated over class treatment of those issues and therefore Plaintiffs could not satisfy Fed. R. Civ. P. 23(b)(3). (Doc. 53).

5. As to liability, the Magistrate Judge found that the excessive force claims (Counts I and II) "are especially unsuited to class disposition" because they are particularized to each individual plaintiff/putative class member. (Doc. 53, p. 26).

6. As to damages, the Magistrate Judge found that "the issue of individualized damage calculations weighs against certifying the proposed class under Rule 23(b)(3)." (Doc. 53, p. 27).

7. Plaintiffs filed timely Objections and a supporting Brief to the Magistrate Judges Report and Recommendation denying class certification. (Doc. 56, 57).

8. By Order entered on March 24, 2023, the District Court overruled the Plaintiffs' Objections and adopted in its entirety the Magistrate Judges Report and Recommendation denying class certification. (Doc. 64).

9. Pursuant to Fed. R. Civ. P. 23(f), Plaintiffs filed a timely Petition for Permission to Appeal with the Third Circuit Court of Appeals, seeking review of the District Court's Order adopting the Magistrate Judge's Report and Recommendation and denying class certification.

10. The Third Circuit Court of Appeals denied the Plaintiffs' Petition for Leave to Appeal on May 11, 2023 thereby rendering the District Court's Order denying class certification final.

11.     The Supreme Court has held that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974).

12.     In a subsequent case, the Supreme Court expanded *Am. Pipe*, holding that "[w]hile *American Pipe* concerned only intervenors, we conclude that the holding of that case is not to be read so narrowly. The filing of a class action tolls the statute of limitations 'as to all asserted members of the class,' not just as to intervenors." *Crown v. Parker*, 462 U.S. 345, 350 (1983).

13.     Accordingly, "[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." *Crown*, 462 U.S. at 354.

14.     Pursuant to the above cited Supreme Court precedent, and Fed. R. Civ. P. 24, the putative class members, identified by name in paragraph 19 of the Amended Complaint and in paragraph 3 above hereby file a Motion to Intervene as plaintiffs in the instant case.

15.     Pursuant to Fed. R. Civ. P. 24(a)(2) "[o]n timely motion, the court must permit anyone to intervene who: (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of

the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

16. In construing Fed. R. Civ. P. 24(a)(2), the Third Circuit has identified four factors or elements that must be met to intervene as of right:

> 1) the application for intervention [must be] timely; (2) the applicant [must have] a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

*Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3rd Cir. 1995).

17. As to timeliness, the Third Circuit has identified three factors to aid evaluation: "(1) How far the proceedings have gone when the movant seeks to intervene, (2) [the] prejudice which resultant delay might cause to other parties, and (3) the reason for the delay." *In re Fine Paper Antitrust Litigation*, 695 F.2d 494, 500 (3rd Cir. 1982) (internal cites omitted).

18. In this case, while the original Complaint was filed in December of 2021, the case has just passed the initial stages, which included a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a Motion for Class Certification, and discovery has just begun; accordingly, the proceedings are still in a relatively early stage.

19. Moreover, Defendants certainly would not be prejudiced by intervention.

20. The courts have recognized that where intervention is sought after denial of class certification, the Defendants are not prejudiced by intervention "because the putative class has already notified the defendant 'not only of the substantive claims being brought against them, but also the number and generic identities of the potential plaintiffs." *Houle v. Walmart Inc.*, 447 F. Supp.3d 261, 281 (M.D. Pa. 2020).

21. Indeed, in this case, both the original Complaint and Amended Complaint not only expressly identified by name each person that is seeking to intervene as a plaintiff, but also set-forth factual allegations regarding how each identified persons constitutional rights were violated by Defendants conduct. (Doc, 19, ¶¶ 19, 108-154).

22. Accordingly, Defendants have been on notice since the filing of the original Complaint and Amended Complaint regarding the identity, factual allegations and claims of each person that is seeking to intervene and can't argue that they would be prejudiced by their intervention. *Aly v. Valeant Pharms. Int'l Inc.*, 1 F.4th 168, 176 (3rd Cir. 2021) ("Appellees will not be prejudiced if they are required to defend themselves against claims they have known about since [2021]."

23. Finally, the reason for the delay in filing the instant Motion to Intervene is that the Plaintiffs sought to have a class certified that would include the persons now seeking to intervene, and when the Motion to Certify the Class was denied by the Court, and the Third Circuit denied Plaintiffs' Petition to Appeal the denial of certification on May 11, 2023, the intervenors followed the Supreme Court's instruction and filed the instant Motion to Intervene. *Crown*, 462 U.S. at 354 ("[o]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action."). Until the Motion for Class Certification was denied and that denial became final, the intervenors had no reason to intervene because there was still the possibility that they could be members of the class.

24. Accordingly, based on existing case law, intervenors really did not "delay" in seeking intervention but instead filed the instant Motion less than thirty days after the Third Circuit denied Plaintiffs' Petition for Leave to Appeal and the denial of class certification became final.

25. Applying the factors the Third Circuit has identified as relevant to the timeliness analysis, it is clear that the instant Motion to Intervene was timely filed, and intervenors can satisfy the first factor under Rule 24(a)(2). The filing of the Complaint as a putative class action tolled the statute of limitations as to all

putative class members, including the individuals seeking to intervene in this matter and listed above in paragraph 3, the instant Motion to Intervene is being filed less than thirty days after the denial of certification became final, and under the circumstance of this case intervention will in no way prejudice the Defendants, who have been on notice of the intervenors claims since the filing of the original Complaint. *Am. Pipe & Constr. Co.*, 414 U.S. at 553; *Aly*, 1 F.4th at 176.

26. The second factor under Rule 24(a)(2) requires the intervenors to demonstrate "a sufficient interest in the litigation". *Mt. Top Condo. Ass'n*, 72 F.3d at 366.

27. The "polestar" of this factor is "whether the proposed intervenor's interest is direct or remote." *Benjamin v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 951 (3rd Cir. 2012).

28. "While the precise nature of the interest required to intervene as of right has eluded precise and authoritative definition", the courts have recognized that the intervenor's interest must be a "significantly protectable" legal interest "belonging to or being owned by the proposed intervenor."[1] *Mt. Top Condo. Ass'n*, 72 F.3d at 366.

---

[1] While the interest has to be "significantly protectable", more recent Third Circuit case law appears to hold that it does not have to be a "legal interest", which broadens the definition of "interest". *Benjamin*, 701 F.3d at 951 ("A proposed intervenor's interest need not be a legal interest".). In this case, the intervenor's

29. Here, intervenor's interest is a direct, significantly protectable legal interest in the instant lawsuit.

30. The intervenor's stand in the same shoes as the named Plaintiffs, and have the same constitutional claims against Defendants as the named Plaintiffs, based on the same set of facts that support the named Plaintiffs' claims, which the Court has already found were legally sufficient when it denied Defendants' 12(b)(6) Motion to Dismiss. (Doc. 59).

31. As the Supreme Court has recognized, intervenor's claims against the Defendants are a constitutionally protected property interest and accordingly the intervenors have a significantly protectable legal interest in the current lawsuit. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *Tulsa Professional Collections Services, Inc. v. Pope*, 485 U.S. 478, 485 (1988).

32. Because the intervenor's claims are identical to the named Plaintiffs' claims and based on the same set of facts, intervenor's have a "sufficient interest in the litigation", which directly addresses their claims against Defendants, and can satisfy the second factor for intervention as of right under Rule 24(a)(2). *Voilas v. GMC*, 173 F.R.D. 389, 395 (D.N.J. 1997) ("Second, as retired employees, who were allegedly induced to accept the early retirement package based on the

---

interest is clearly a "legal interest"; accordingly, intervenor's can satisfy the more stringent requirement set-forth in *Mt. Top Condo. Ass'n.*

representations of GM officials, they retain interests similar to those of the six existing plaintiffs.")

33. The third factor under Rule 24(a)(2) requires the intervenors to demonstrate "the interest may be affected or impaired, as a practical matter by the disposition of the action". *Mt. Top Condo. Ass'n*, 72 F.3d at 366.

34. The burden to satisfy this requirement is "minimal", and requires the intervenor's to "show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Am. Farm Bureau Federation v. United States EPA*, 278 F.R.D. 98, 108 (M.D. Pa. Oct. 13, 2011) (emphasis in original).

35. In addressing this requirement, "the court is free to look at the realistic and practical consequences of a potential ruling, not just the affects of the resolution of narrowly-tailored legal issues." *Id.*

36. It goes without saying that resolution of a number of issues in this case will have precedential and/or an estoppel impact on any individual lawsuits that the intervenors may bring if intervention is denied. *Voilas*, 173 F.R.D. 395 ("Third, the putative plaintiff's interests are affected by the outcome of this litigation in that certain determinations in the instant litigation, such as a finding that GM made certain statement or omitted relevant information, will likely hold precedential weight in any succeeding actions.").

37. Obviously, such precedential or estoppel impact on issues in any individual lawsuits the intervenors may bring could impair their rights in those lawsuits. *Id.*

38. Moreover, if intervention is denied, and the intervenors are required to file individual lawsuits, it may result in inconsistent outcomes or verdicts in the numerous individual lawsuits, which undermines the integrity of the Courts and is unfair, and it also would be extremely inefficient and a misuse of judicial resources, which are the "realistic and practical consequences of a potential ruling" denying intervention. *Am. Farm Bureau Federation, EPA*, 278 F.R.D. at 108.

39. Accordingly, in this case, denying intervention could impair the intervenors legal rights in any individual lawsuits they would be forced to file and intervenors can satisfy the third factor for intervention as of right under Rule 24(a)(2).

40. The fourth factor under Rule 24(a)(2) requires the intervenors to demonstrate that their "interest is not adequately represented by an existing party in the litigation" "*Mt. Top Condo. Ass'n*, 72 F.3d at 366.

41. This requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. UMW*, 404 U.S. 528, 538 n. 10 (1972).

42. In meeting this minimal requirement, the Third Circuit has held that "[r]epresentation will be considered inadequate on any of the following three grounds: (1) that although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote proper attention to the applicant's interests; (2) that there is collusion between the representative party and the opposing party; or (3) that the representative party is not diligently prosecuting the suit." *Brody v. Spang*, 957 F.2d 1108, 1123 (3rd Cir. 1992).

43. In this case, while the intervenor's interests are similar to the named Plaintiffs, as the Magistrate Judge has already held, they diverge sufficiently on the issue of liability and damages so that the named Plaintiffs cannot adequately represent their interests. *Voilas*, 173 F.R.D. 395.

44. In denying the Plaintiffs' Motion for Class Certification, the Magistrate Judge's Report and Recommendation, which was adopted in its entirety by the District Court, determined that both issues of liability and damages were particularized and "weigh[ed] against certifying the proposed class under Rule 23(b)(3)". (Doc. 53, p. 26-27).

45. The Court has therefore already recognized that because the issue of liability and damages are individualized, the named Plaintiffs could not adequately represent the intervenors on the issue of damages.

46. Similarly, in *Voilas*, the Court held that intervenors interest could not be adequately represented by the Plaintiffs because "[i]n denying certification, Judge Brown specifically noted that the plaintiffs' claims and their entitlement to relief are particularized", and "in order to attain relief, each plaintiff must individually join in the lawsuit or forego any right to recovery." *Voilas*, 173 F.R.D. 395.

47. Accordingly, because the intervenors liability and damage claims are "particularized", the Plaintiffs cannot adequately represent them on this issue and intervenors can satisfy the fourth requirement for intervention as of right under Rule 24(a)(2). *Id.*

48. For the above stated reasons, intervenors can satisfy the requirements for intervention as of right under Rule 24(a)(2) and the instant Motion should be granted on this ground.

49. However, if the Court denies intervenors Motion for Intervention as of Right under Rule 24(a)(2), it should grant intervenors Motion under Rule 24(b)(1)(B), which applies to permissive intervention.

50. Pursuant to Rule 24(b)(1)(B), "[on] timely motion, the court may permit anyone to intervene who: (B) has a claim or defense that shares with the main action a common question of law or fact." The Rule goes on to provide "[i]n exercising its discretion, the court must consider whether intervention will unduly

delay or prejudice the adjudication of the original parties rights." Fed. R. Civ. P. 24(b)(3).

51. Permissive intervention is therefore appropriate "upon timely motion when the movant 'has a claim or defense that shares with the main action a common question of law or fact', (cite omitted), and the intervention will not unduly delay the proceedings or prejudice the original parties." *ACRA Turf Club, LLC v. Zanzuccki*, 561 Fed. Appx. 219 at *222 (3rd Cir. March 31, 2014).

52. Intervenors have already discussed the timeliness issue above in terms of intervention as of right under Rule 24(a)(2) and the same considerations apply to the timeliness of the permissive intervention. As discussed above, the instant Motion is being filed less than thirty days after the Order denying class certification became final, and until that point the intervenors had no need to intervene because they were still putative class members with the possibility of becoming class members if certification was granted. Accordingly, there was no delay in filing instant Motion and it is timely.

53. There can also be no dispute that intervenors have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As set forth in the Proposed Second Amendment Complaint, which intervenors have attached as required pursuant to Rule 24(c), the intervenors claims are identical to the named Plaintiffs and arise out of the same set of facts;

accordingly, there are common questions of law or fact that intervenors share with the named Plaintiffs. *See* Proposed Second Amended Complaint, attached hereto.

54. Finally, the Defendants will not be prejudiced by the intervention, nor will it unduly delay the proceedings.

55. As discussed above, Defendants have been on notice since the filing of the original Complaint and Amended Complaint regarding the identity, factual allegations and claims of each person that is seeking to intervene and can't argue that they would be prejudiced by their intervention. *Aly*, 1 F.4th at 176.

56. Nor will intervention unduly delay the proceedings. Discovery in this case is just starting, with the parties in the process of exchanging written discovery. No depositions have yet been taken. Accordingly, the parties have not yet spent time or money on the discovery process. Moreover, the discovery regarding the Defendants use of force will be common to the Plaintiffs and all intervenors subjected to the force, which will reduce the burden of production on the Defendants. In addition, the undersigned counsel represents all intervenors and therefore will be representing all of the Plaintiffs in the proceeding, which will avoid coordination issues with multiple attorneys and streamline the discovery process. Accordingly, intervention will not unduly delay the proceedings.

57. Accordingly, intervenors can meet the requirements for permissive intervention under Rule 24(b)(1)(B) and if the Court denies intervention as of right under 24(a)(2) requests that the Court grant it under 24(b)(1)(B).

58. For the above stated reasons, because intervenors can satisfy the requirements for both intervention as of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(1)(B), they are requesting that this Court grant the instant Motion for Intervention and permit them to intervene as Plaintiffs in the above captioned matter.

**WHEREFORE**, intervenors respectfully request that this Honorable Court grant their Motion to Intervene as plaintiffs in the above captioned matter.

RESPECTFULLY SUBMITTED,

/s/ Alan Denenberg
ALAN DENENBERG, ESQUIRE
Pennsylvania ID No. 54161
ABRAMSON & DENENBERG, P.C.
1315 Walnut Street | Suite 500
Philadelphia, PA 19107
(215) 398-7066
adenenberg@adlawfirm.com

/s/ Leticia C. Chavez-Freed
LETICIA C. CHAVEZ-FREED, ESQUIRE
Pennsylvania ID No. 323615
THE CHAVEZ-FREED LAW OFFICE
2600 North Third Street | Second Floor
Harrisburg, PA 17110
(717) 893-5698
leticia@chavez-freedlaw.com