IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER LEE SCHWENK and KEITH DRUCK, | : : : | Civil No. 1:21-cv-2079 |
| Plaintiffs, | : : | |
| v. | : : | |
| JOSEPH GARCIA, *et al.*, | : : | Judge Jennifer P. Wilson |
| Defendant. | : | |

## ORDER

**AND NOW**, on this 10th day of June, 2025, upon consideration of the motion for default judgment, Doc. 102, and the evidence adduced at the evidentiary hearing held on May 21, 2025, **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE.** The decision to enter a default judgment "is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). In considering the entry of a default judgment, the court must determine whether: (1) the plaintiff will be prejudiced if default is denied; (2) the defendant appears to have a litigable defense; and (3) the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). The court finds that defendant appears to have a litigable defense.

Concerning Plaintiffs' § 1983 constitutional claims, the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(g) provides:

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

*Id.* "Courts have consistently interpreted this provision as barring a prisoner plaintiff from obtaining an entry of default when no reply has been filed, because a defendant has no obligation to reply to the complaint." *Steele v. Wetzel*, No. 14-4823, 2015 WL 7730938, at * 2 (E.D. Pa. Nov. 6, 2015). Under the PLRA, a defendant "can be defaulted for failing to follow a court order requiring him to respond to the complaint." *Id.* Accordingly, the court will not enter default judgment unless and until defendant fails to answer following a direct order of court, pursuant to § 1997e(g)(2). The court will additionally deny entry of default judgment because it appears Defendants could have a litigable defense that Plaintiffs failed to exhaust their administrative remedies. 42 U.S.C. § 1997e(a).

Concerning Plaintiffs' state law claims, the court acknowledges that these claims are not subject to PLRA requirements and could proceed. However, for

judicial efficiency purposes, the court will exercise its discretion and deny the motion in its entirety without prejudice and with leave to re-file and re-incorporate the record after service of this order upon Defendants Garcia and CSAU.

Accordingly, **IT IS FURTHER ORDERED** that:

1. Plaintiffs shall serve Defendants Garcia and CSAU with this Order. Plaintiffs shall file a certificate of service showing that service was completed, or if not completed, meaningfully attempted.

2. Defendants Garcia and CSAU shall reply to the complaint within **thirty (30) days** of the date when Plaintiffs docket the certificate of service.

3. Should Defendants Garcia and CSAU fail to reply according to the above deadline, Plaintiffs may re-file their motion for default judgment.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: June 10, 2025