IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CHRISTOPHER LEE SCHWENK and KEITH DRUCK,**
**Plaintiffs,**

v.

**JOSEPH GARCIA, et al.,**
**Defendants.**

**Civil No. 1:21-cv-2079**
**Judge Jennifer P. Wilson**

FILED
HARRISBURG, PA

JUN 2 7 2025

PER ___*rbr*___
DEPUTY CLERK

---

**DEFENDANT JOSEPH GARCIA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(5) AND 12(b)(6)**

COMES NOW, Joseph Garcia, Defendant, pro se, respectfully moving this Honorable Court to

dismiss the complaint filed by Plaintiffs Christopher Lee Schwenk and Keith Druck pursuant to

Federal Rules of Civil Procedure 12(b)(5) for insufficient service of process and 12(b)(6) for

failure to state a claim upon which relief can be granted. This motion is submitted in compliance

with the Court's June 10, 2025, order (Doc. 115) requiring a reply to the complaint within 30

days of Plaintiffs' certificate of service and in support of Defendant's Motion to Vacate Default

Judgment filed concurrently. In support, Defendant states:

**I. INTRODUCTION**

1. On June 10, 2025, this Court denied Plaintiffs' motion for default judgment (Doc. 102)

   without prejudice, finding Defendant appears to have a litigable defense, including Plaintiffs'

   failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA),

42 U.S.C. § 1997e(a), and ordered Plaintiffs to serve Defendant with the order, with a 30-day period to reply to the complaint (Doc. 115).

2. As of June 24, 2025, Plaintiffs have not filed a certificate of service for Doc. 115. Defendant files proactively to comply with the Court's order and avoid default.

3. Defendant moves to dismiss the complaint due to improper service, lack of personal jurisdiction, and Plaintiffs' failure to state viable § 1983 or state law claims. This motion supports Defendant's Motion to Vacate Default Judgment (filed concurrently), which seeks to set aside a 2023 default judgment entered due to improper service and excusable neglect.

## II. FACTUAL BACKGROUND

4. Plaintiffs' complaint, filed in 2021, alleges violations of 42 U.S.C. § 1983 and state law claims (e.g., assault, negligence) arising from a May 2021 "High Risk Security Shakedown" at York County Prison, where Defendant provided tactical safety assistance and K9 detection services as a volunteer at the request of York County Prison, not as an owner, employee, or agent of Corrections Special Applications Unit (CSAU) LLC, a South Carolina LLC dissolved in 2022.

5. Defendant was not properly served with the complaint, as detailed in the Motion to Vacate Default Judgment. Service attempts on January 11, 2022, and February 22, 2022, were made to CSAU LLC's registered agent address (1591 Savannah Hwy Ste 201, Charleston, SC 29407), over 200 miles from Defendant's residence in Greer, SC, and (62211 HWY 43, Wise River, MT) a third attempt was made at a neighbor's address (62221 HWY 43, MT), none constituting valid service under Fed. R. Civ. P. 4 (Exhibit B: Affidavit of Joseph Garcia).

Page 2 of 7

6. Defendant had no formal role with CSAU LLC, received no compensation, and was not in charge of the shakedown. A March 31, 2021, Internal Affairs "High Risk Security Shakedown" report (HRSS report, on file with Plaintiffs) clears Defendant of all allegations, supported by video evidence and inmate testimony contradicting Plaintiffs' claims (Exhibit A,).

7. Due to improper service, Defendant was unaware of the lawsuit until May 1, 2025, leading to a default judgment in 2023. Defendant promptly attended a May 21, 2025, evidentiary hearing despite a shoulder injury sustained May 20, 2025, demonstrating diligence (Exhibit C: Medical Records; Exhibit E: Plane Ticket Receipt).

## III. LEGAL STANDARD

8. A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process. Plaintiffs bear the burden to prove proper service (Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)). Improper service deprives the court of personal jurisdiction (Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987)).

9. A Rule 12(b)(6) motion tests the complaint's legal sufficiency. The court accepts well-pleaded facts as true but need not accept legal conclusions (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The complaint must state a plausible claim for relief (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## IV. ARGUMENT

### A. The Complaint Must Be Dismissed for Insufficient Service of Process (Rule 12(b)(5))

10. Fed. R. Civ. P. 4(e) requires service on an individual by personal delivery, delivery to an authorized agent, or compliance with state law (e.g., Pa. R. Civ. P. 402, requiring personal or residential service). Service must be "reasonably calculated" to provide notice (Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

### 11. Plaintiffs' service attempts were defective:

- **January 11, 2022:** Service to "Stephanie Wells" at CSAU LLC's address, unrelated to Defendant, over 200 miles from his residence, was ruled inappropriate by the Court (Motion to Vacate, ¶ 8).

- **February 22, 2022:** Service to an unidentified "receptionist" at the same CSAU LLC address, with a questionable affidavit notarized two months later, was invalid (United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (Fed. Cir. 1997)).

- **Third Attempt:** Service at 62221 HWY 43, a neighbor's address over a mile from Defendant's residence (62211 HWY 43), failed to meet Rule 4 requirements (Exhibit B).

12. Defendant had no actual notice until May 1, 2025, and actual notice does not cure defective service (United States v. One Toshiba Color Television, 213 F.3d 147, 150 (3d Cir. 2000)). The Court lacks personal jurisdiction, warranting dismissal.

**B. The Complaint Fails to State a Claim (Rule 12(b)(6))**

13. § 1983 Claims: To state a § 1983 claim, Plaintiffs must show Defendant, acting under color of state law, violated their constitutional rights (West v. Atkins, 487 U.S. 42, 48 (1988)). Defendant, a private volunteer, was not a state actor. He had no role in directing the shakedown, used no force, and his K9 made no contact with Plaintiffs (Exhibit B).

14. The HRSS report (March 31, 2021) and video evidence clear Defendant of misconduct, contradicting Plaintiffs' allegations (Exhibit A,). Plaintiffs' failure to exhaust administrative remedies under the PLRA, 42 U.S.C. § 1997e(a), noted by the Court (Doc. 115), bars their § 1983 claims (Porter v. Nussle, 534 U.S. 516, 532 (2002)).

15. The § 1983 claims are time-barred, as Pennsylvania's two-year statute of limitations expired by May 2023 (Wallace v. Kato, 549 U.S. 384, 387 (2007)), and Plaintiffs allege no basis for tolling.

16. **State Law Claims**: Claims like assault or negligence fail, as Defendant had no direct interaction with Plaintiffs, and the HRSS report confirms no harmful actions (Exhibit B). South Carolina law (S.C. Code § 33-44-303) shields non-members like Defendant from LLC liability absent personal misconduct, which is unproven.

17. The complaint lacks specific allegations linking Defendant to any wrongdoing, failing Iqbal's plausibility standard (556 U.S. at 678).

## V. CONCLUSION

Defendant was improperly served, depriving the Court of jurisdiction, and the complaint fails to state viable claims. Dismissing the complaint aligns with the Court's preference for merits-based resolution (Doc. 115) and supports vacating the 2023 default judgment.

## VI. RELIEF REQUESTED

WHEREFORE, Defendant Joseph Garcia respectfully requests that the Court:

1.  Dismiss Plaintiffs' complaint with prejudice under Fed. R. Civ. P. 12(b)(5) and 12(b)(6);

2.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joseph Garcia
Joseph Garcia, Pro Se
62211 HWY 43
Wise River, Montana 59762
Phone: 307.797.8500
Email: jgarcia@kilo1k9.com
Date: June 25, 2025

## VII. CERTIFICATE OF SERVICE

I certify that on June 27, 2025, I served a copy of this Motion on Plaintiffs' counsel via U.S. Mail, postage prepaid and FEDEX at:

Alan E. Denenberg
Abramson & Denenberg
1315 Walnut St., Suite 500
Philadelphia, PA 19107

Leticia C. Chavez-Freed
The Chavez-Freed Law Office
2600 North Third Street, Second Floor
Harrisburg, PA 17110

/s/ Joseph Garcia
Joseph Garcia, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on June 25, 2025, I served a copy of this Motion and exhibits on Plaintiffs' counsel via certified mail at:

Alan E. Denenberg, 1315 Walnut St., Suite 500, Philadelphia, PA 19107

Leticia C. Chavez-Freed, 2600 North Third St., Second Floor, Harrisburg, PA 17110

/s/ Joseph Garcia
Joseph Garcia, Pro Se

Joseph Garcia
62211 HWY 43
Wise River, Montana 59762
Phone: 307-797-8500
Email: jgarcia@kilo1k9.com

**June 27, 2025**

Clerk of Court
United States District Court
Middle District of Pennsylvania
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA 17102

**Re: Schwenk v. Garcia et al., Civil No. 1:21-cv-2079**

**Dear Clerk of Court,**

I, Joseph Garcia, pro se defendant in the above-captioned case, respectfully submit the enclosed Motion to Vacate Default Judgment Pursuant to Rule 60(b) and Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) for filing in compliance with the Court's June 10, 2025, order (Doc. 115). The order requires a reply to the plaintiffs' complaint within 30 days of their certificate of service. As of July 10, 2025, plaintiffs have not filed a certificate of service, and I file these motions proactively to avoid default and address a 2023 default judgment entered against me.

**Enclosed are:**

1. Motion to Vacate Default Judgment Pursuant to Fed. R. Civ. P. 60(b), with the following exhibits:

   • Exhibit B: Affidavit of Joseph Garcia
   • Exhibit C: Medical Records, May 20, 2025
   • Exhibit E: Plane Ticket Receipt, May 21, 2025

2. Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), with the same exhibits as above.

3. Proposed Order.

4. Certificate of Service confirming service on plaintiffs' counsel via [FedEx with tracking numbers certified mail.

As a pro se litigant, I request assistance with filing procedures. If additional information or copies are needed, please contact me at 307-797-8500 or jgarcia@kilo1k9.com. I have included a self-addressed, postage-paid envelope for return of file-stamped copies.

Thank you for your attention to this matter.

**Sincerely,**

/s/ Joseph Garcia
Joseph Garcia
Pro Se Defendant



UNITED STATES DISTRICT COURT
1501 N 6TH ST
STE 101
HARRISBURG PA 17102

P:METRO6  S: M6008  I: M6
6008 - 1062
5240    1030

SHAWNA GARCIA
(307) 797-8500
THE UPS STORE #1204
2017 HARRISON AVE
BUTTE  MT 59701-6044

1 LBS        1 OF 1
SHP WT: 1 LBS
DWT: 15.12.1
DATE: 25 JUN 2025

RECEIVED
HARRISBURG, PA

SHIP CLERK OF COURT
TO:  UNITED STATES DISTRICT COURT
     SYLVIA H. RAMBO U.S. COURTHOUSE
     STE 101
     1501 N 6TH ST
     HARRISBURG PA 17102-1104

JUN 27 2025

PER _____ JBL

DEPUTY CLERK

PA 171 9-20

UPS NEXT DAY AIR    1

TRACKING #: 1Z 81R 163 01 6782 5240

BILLING: P/P

Serving you for more than 110 years
United Parcel Service.®

For information about UPS's privacy practices or to opt out from the
personal information, please see the UPS Privacy Notice at www.u
010195101  9/20  PAC  United Parcel

This envelope is for use with the following services:

UPS Next Day Air®
UPS Worldwide Express®
UPS 2nd Day Air®
UPS Worldwide Expedite

Do not use this envelope for:

UPS Ground
UPS Standard

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited.

ereunder may be subject to the rules relating to liability and other terms and/or conditions established
ortain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on
of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported
 istration Regulations. Diversion contrary to U.S. law prohibited.

velopes may only contain
electronic media, and must weigh
ng items other than those listed
weight.

/ for documents of no commercial
media as documents. Visit
nt is classified as a document.

s envelope must weigh 8 oz. or less.
8 oz. will be billed by weight.

nded for shipments of
al information or breakable items.