UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Joseph Garcia,
Defendant, Pro Se
v.
Christopher Lee Schwenk and Keith Druck,
Plaintiffs.

FILED
HARRISBURG, PA

JUN 27 2025

PER _____
DEPUTY CLERK

Case No. 1:21-cv-2079
Judge Jennifer P. Wilson

**MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO RULE 60(b)**

**COMES NOW,** Joseph Garcia, Defendant, pro se, respectfully moving this Honorable Court to vacate the default judgment entered against him in 2023, pursuant to Federal Rule of Civil Procedure 60(b)(1), (4), and (6), on the grounds of improper service, excusable neglect, and the judgment being void for lack of personal jurisdiction. In support, Defendant states:

1. **Background**

   This action arises from a civil rights lawsuit filed by Plaintiffs Christopher Lee Schwenk and Keith Druck alleging violations in May 2021, involving a South Carolina LLC, Corrections Special Applications Unit (CSAU1 LLC), dissolved in 2022. Defendant was named based on Plaintiffs' erroneous assumption of his ownership or employment in CSAU1 LLC. Default judgment was entered against Defendant in 2023 for failure to respond or appear.

2. **Improper Service**

   (FRCP 60(b)(4))Plaintiffs failed to properly serve Defendant per Federal Rule of Civil Procedure 4. Service was attempted three times, all defective, and not at Defendant's personal residence or through an authorized agent. Defendant received no communications

from Plaintiffs, CSAU1 LLC, York County Prison, media, or any other source indicating a lawsuit, confirming lack of actual or constructive notice (Exhibit B: Affidavit of Joseph Garcia). Actual notice does not cure defective service for jurisdictional purposes (United States v. One Toshiba Color Television, 213 F.3d 147 (3d Cir. 2000)

a. **First Service (1/11/2022):** Service was made to "Stephanie Wells," who has no relation to Defendant, at CSAU1 LLC's registered agent address (1591 Savannah Hwy Ste 201, Charleston, SC 29407), over 200 miles from Defendant's South Carolina residence. The Court deemed this service inappropriate, as Defendant was not personally served, and Wells was not authorized to accept service on his behalf. Service was notarized on 1/11/2022.

b. **Second Service (2/22/2022):** Service was attempted at the same CSAU1 LLC address, previously ruled defective by the Court. Sweetgrass Legal Service failed to identify the recipient, describing them only as a "receptionist." The affidavit of service, notarized by M. Bowers (wife of process server Travis Bowers) on 4/13/2022, nearly two months after the alleged service date, lacks a Proof of Service Receipt and raises doubts about authenticity. The delayed notarization and familial relationship further question the validity of service. Service on CSAU1 LLC cannot constitute service on Defendant, who was not an officer, managing agent, or authorized agent of the LLC (*United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878 (Fed. Cir. 1997)).

c. **Third Service Attempt:** An additional attempt was made at 62221 HWY 43, Montana, a neighbor's address over a mile from Defendant's residence at 62211 HWY 43. The process server left paperwork with the neighbor, failing to deliver to Defendant's address, rendering this service ineffective.Defendant had no formal role in CSAU1 LLC (not an owner, partner, employee, or agent), and Plaintiffs cannot demonstrate any official connection under South Carolina law (Exhibit B). Defendant received no compensation, checks, or payments from CSAU1 LLC or York County Prison, and possesses no documents establishing ownership or employment. CSAU1 LLC's registered agent and the neighbor were not authorized to accept service for Defendant, a private individual with no contractual ties to CSAU1 LLC or York County Prison. **The Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)**, requires service "reasonably calculated" to provide notice. All service attempts, directed to a business address or an incorrect residential address, violate due process. Lack of proper service deprives this Court of personal jurisdiction, rendering the judgment void (***Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97 (1987); *Budget Blinds, Inc. v. White*, 536 F.3d 244 (3d Cir. 2008)**).

3. **Excusable Neglect**

(FRCP 60(b)(1))Defendant's failure to respond was due to lack of notice from improper service, constituting excusable neglect. Defendant, acting pro se, resides at 62211 HWY 43, Montana, and was unaware of the lawsuit until after default due to service at CSAU1 LLC's address and a neighbor's address (62221 HWY 43), with no contact with CSAU1 LLC post-dissolution (Exhibit B). Defendant received no informal notice through media, CSAU1 LLC, York County Prison, or other channels, further supporting lack of awareness until May 1,

2025. Upon learning of an evidentiary hearing set for May 21, 2025, at 9:30 AM, on or about May 1, 2025, Defendant immediately purchased a ticket and attended. The evening prior, Defendant was involved in an accident, dislocating his shoulder. Against medical advice, he checked out of the hospital to appear at the hearing, demonstrating diligence *(Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993))*. Courts favor resolving cases on the merits *(Neitzke v. Williams, 490 U.S. 319 (1989))*, and Defendant's prompt action despite severe injury and service errors supports relief.

4. **Meritorious Defense**

In March 2021, Defendant was asked by the CSAU1 LLC commander to assist in a security shakedown at York County Prison after lethal inmate-made weapons were discovered, as confirmed by Defendant's affidavit (Exhibit B). This operation was initiated by York County Prison, not Defendant, who had no role in planning or directing it and acted only as a non-compensated volunteer demonstrating tactical safety techniques in May 2021, with no direct role in the alleged civil rights violation (e.g., 42 U.S.C. § 1983). Defendant does not recall meeting or interacting with Plaintiffs Schwenk or Druck during the HRSS operations (Exhibit B). No force was used on any inmates, and the K9 was never used aggressively or made contact with Plaintiffs, contradicting their allegations. A comprehensive investigation by York County Prison's Internal Affairs and Security Division, documented in the "High Risk Security Shakedown HRSS" report, dated March 31, 2021 (Exhibit A, if obtained from Plaintiffs), found all inmate complaints, including Plaintiffs', to be without merit, supported by video evidence and contradictory testimony from other inmates in the same housing unit.

Plaintiffs possess this report, video, and related documents but selectively withheld exculpatory findings from the Court, undermining their claims. Plaintiffs cannot and have not proven that Defendant was an employee, contractor, or under contractual employment with CSAU1 LLC or York County Prison, as Defendant received no compensation or documents establishing such a role (Exhibit B; ***Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)***). South Carolina law (S.C. Code § 33-44-303) shields non-members from LLC liability absent personal misconduct, which Plaintiffs have not proven. The statute of limitations for § 1983 claims (2 years in Pennsylvania) expired by May 2023, barring the lawsuit absent tolling, further supporting dismissal (***Lamp v. Heyman, 366 A.2d 882 (Pa. 1976)***).

5. **Other Reasons Justifying Relief (FRCP 60(b)(6))**

Plaintiffs' pattern of misconduct, including misrepresenting Defendant's role as a decision-maker when he was merely a volunteer at York County Prison's request, and selectively withholding exculpatory evidence, including the HRSS report, video, and documents presented at the May 21, 2025, hearing, undermines judicial fairness *(**Ayres v. Jacobs, 99 F.3d 565 (3d Cir. 1996)**)*. Vacating the judgment causes no prejudice to Plaintiffs, who bear the burden to prove their claims, while the judgment causes severe prejudice to Defendant, including financial hardship and reputational damage, given his pro se status and lack of resources *(**Haines v. Kerner, 404 U.S. 519 (1972)**)*. At the May 21, 2025, hearing, Defendant, impaired by medication from a dislocated shoulder sustained in an accident on May 20, 2025, and without legal counsel due to insufficient time to retain an attorney, requested a

continuance to prepare and secure representation. The denial of this request prevented Defendant from questioning witnesses or challenging the selective use of the HRSS report and video, further violating due process *(Fuentes v. Shevin, 407 U.S. 67 (1972); Klapprott v. United States, 335 U.S. 601 (1949))*. Defendant's pro se status and lack of resources exacerbate prejudice from the judgment, warranting equitable relief.

6. **Timeliness**

This motion is filed within a reasonable time under FRCP 60(c). Defendant first learned of the default judgment on or about May 1, 2025, attended the May 21, 2025, hearing despite injury, and filed this motion promptly, meeting the July 10, 2025, court deadline, while facing ongoing enforcement risks.

**WHEREFORE,** Defendant respectfully requests that this Court:

a. Vacate the default judgment entered in 2023 with prejudice;

b. Dismiss the claims against Defendant for lack of jurisdiction or, alternatively, permit Defendant to file a responsive pleading;

c. Hold an evidentiary hearing, if necessary, to resolve disputed facts pursuant to FRCP 60(b) (Coltec Indus., Inc. v. Hobgood, 280 F.3d 262 (3d Cir. 2002));d. Grant such other relief as the Court deems just and proper.

**Respectfully submitted,**

**Joseph Garcia**
62211 HWY 43
Wise River, Montana, 59762
Phone: 307.797.8500
Email: jgarcia@kilo1k9.com

Defendant, Pro Se
Date: June 22, 2025

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2025, I served a copy of this Motion on Plaintiffs' counsel via U.S. Mail, postage prepaid, at the following addresses:

Alan E. Denenberg
Abramson & Denenberg
1315 Walnut St., Suite 500
Philadelphia, PA 19107

Leticia C. Chavez-Freed
The Chavez-Freed Law Office
2600 North Third Street, Second Floor
Harrisburg, PA 17110