# EXHIBIT "B"

(Attached hereto as Exhibit "B" is a true and correct copy of the January 3, 2022 Executed Agreement by and between Defendants Joesph Garcia and CSAU and the County of York, Pennsylvania and the York County Prison Board)

01309100-520211

## AGREEMENT

MADE THIS 3 day of January, 2022, by and between Joseph Garcia, individually and as agent for CSAU, LLC of 6650 Rivers Avenue, Suite 105, #4946, North Charleston, South Carolina 29406, EIN No: 83.1300176 (hereinafter referred to as "CSAU" and "Garcia") and the County of York, Pennsylvania and the York County Prison Board, 3400 Concord Road, York, Pennsylvania 17402 (hereinafter referred to as "County").

WHEREAS, "CSAU" and "Garcia" have entered into two service agreements related to trainings on the dates of November 18, 2020 and November 17, 2021. These agreements have resulted in the exchange of confidential information and in both parties having possession of items or material which belong to the other party and;

WHEREAS, parties have agreed that the equipment loaned by "CSAU" and "Garcia" to the "County" staff for the purpose of implementing the training and installation of a new system to facilitate the orderly care, custody, and control of the inmates lawfully housed at the York County Prison and which equipment shall be retained by the County should be paid for and;

WHEREAS, "CSAU" and "Garcia" agree to return to "County" all existing York County Prison surveillance and training video tapes and materials that were used as part of the training that was performed by "CSAU" and "Garcia" at the York County Prison pursuant to both agreements. If the training and surveillance tapes are not available for return, "Garcia" shall provide a sworn statement explaining why they cannot be returned, which shall be marked as Exhibit "C" and appended hereto and;

WHEREAS, the parties wish to record their understanding with reference to the exchange of such property, materials and to identify the surviving obligations of the parties.

NOW, THEREFORE, the parties agree, as follows:

1. In exchange for the payment of $43,500.00, "CSAU" and Garcia grant and convey all right, title, and interest to the "County" and the York County Prison Board of the supplies provided by "CSAU" and "Garcia" as set forth on attached Exhibit "A".

2. All items set forth on Exhibit "B" are recognized as property of CSAU and/or Garcia and shall be returned.

3. Both parties agree that all claims concerning property or equipment used or obtained as part of the CSAU Training Program have been settled and each party hereby releases the other party of any further claims.

4. Garcia agrees that he does not have in his possession any training and/or prison security surveillance tapes of the York County Prison whether taped by CSAU or Garcia or their employees or provided by the York County Prison and its personnel for any purpose. Garcia also freely agrees to the signing of the Affidavit identified as Exhibit "C", acknowledging the relinquishment of any such tapes.

5. CSAU and Garcia do hereby agree for value received, as outlined above, to release and forever discharge the "County", the York County Prison Board, and all its elected, appointed, or employed governmental officials and employees, including their administrators, personal representatives, successors, agents, assigns, and attorneys from any and all actions, causes of action, claims, suits, controversies, trespasses, damages, attorney's fees, judgments, and demands in any form whatsoever at law and equity related to or arising from the subject matter of the agreements of the parties.

6. "County" does hereby agree for value received, as outlined above, release and forever discharge "CSAU" and "Garcia" from any and all actions, cause of actions, claims, suits, controversies, trespasses, damages, attorney's fees, judgments and demands in any form whatsoever at law and/or equity, excepting those claims raised by third parties against the County, et. al., as well as those claims that are currently pending before a Court of proper jurisdiction.

7. The parties agree that only the following provisions of the party's agreement of November 17, 2021 shall survive and be binding upon the parties.

   a. The parties further agree that specific provisions of the agreement dated November 17, 2021 shall survive the termination of the agreement of the parties and are hereby identified as Paragraphs 4, 5, 6, and 7, and attached hereto as Exhibit "D", which provides for confidentiality, indemnification, and insurance and continued cooperation of "CSAU" and "Garcia shall remain and be unaffected by this Agreement and its release provisions outlined on Exhibit "D", which is attached hereto.

8. The parties agree that adequate consideration has been provided and outlined herein and this agreement and the surviving provisions of the prior agreements of the parties as stated herein represent the sole and exclusive binding provisions of the parties which shall survive termination of said prior agreements. The parties agree that the County has no further obligation to CSAU and Garcia including any further compensation or non-monetary benefits other than as is set forth in paragraph 1 herein.

9. Except as is required by law the parties agree that they shall treat this termination Agreement between the parties and the contents of such Agreement as confidential and Garcia shall not disclose anything regarding this Agreement to any other person or entity not directly affiliated with the parties unless legally compelled to do so and only then with timely notice to the York County Solicitors Office. Confidentiality is a material part of this Agreement and is intended to be binding on Garcia personally, CSAU and their agents and other representatives.

10. It is understood that the parties have read and agree expressly to the terms of this Agreement.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, hereby have set their hands and seals the day and date above mentioned.

_____    By:_____
Witness                                 Julie Wheeler, President
                                        York County Board of Commissioners

_____    By:_____
Witness                                 Doug Hoke, Vice President
                                        York County Board of Commissioners

_____    By:_____
Witness                                 Ron Smith
                                        York County Board of Commissioners

YC12467

| Witness | By: _____ |
| --- | --- |
| | Doug Hoke, On Behalf of the York County Prison Board |

| _Ann Bennet_ | By: _____ |
| --- | --- |
| Witness | Joseph Garcia |
| | On Behalf of CSAU, LLC |

| _Ann Bennet_ | By: _____ |
| --- | --- |
| Witness | S. Johnston |
| | On Behalf of CSAU, LLC |

# EXHIBIT "A"

## INVENTORY OF SUPPLIES

1. 16 – First Spear Operator Vest System Front/Back w/Shoulder Strap/Pad tubes and cummerbund (MSRP $738.05 ea)
2. 32 – L3 Armor Package Including Knife, Slash, Ice Pick and Ballistic Protection SAPI (MSRP $185 ea)
3. 32 – First Spear General Purpose Pocket – Large (MSRP $70.44)
4. 16 – First Spear Patrol Radio Pouch (MSRP $47.85 ea)
5. 64 – First Spear Legacy FG Shotgun Shell Pouch, 12 round (MSRP $66.46 ea)
6. 16 – M4 Single Ranger Shingle (MSRP $46.44 ea)
7. 16 – Set, Front/Back Fist Spear Level IIIA Soft Armor (MSRP $1035.92 / set)
8. 16 – Hyatt Rigid Hinge Handcuff All Black (MSRP $56.00 ea)
9. 11 – Enforce Weapon Lights (MSRP $115.00 ea)
10. 15 – Enforce Handheld Lights (MSRP $70.00 ea)
11. 1 – North American Rescue Medical Trauma Bag (MSRP $1,988.17 ea)
12. 12 – NAR – Advanced Operator Rescue Kits (MSRP $174.99 ea)
13. 16 – Pro Over the Ear Protection – Safariland (MSRP $299.99 ea)
14. 12 – Pro-In Ear Elite Stealth Elite (MSRP $159.99 ea)
15. 5 – Operator Helmet Tracking lights ($159.00 ea)
16. 1 USED IN TRAINING – Cases of P1 Poly Defense Spray (MSRP $359.88 / case)
17. ISSUED 0 REMAINING – T-Shirts Long Sleeve (MSRP $36.00 ea)
18. ISSUED 0 REMAINING – T-Shirts Short Sleeve (MSRP $25.00 ea)

## INVENTORY OF SUPPLIES

19. 4 – Light Field Less Lethal NOVA (MSRP $750.00 / case)

S20. 2 – Light Field Less Lethal Star Lite (MSRP $1,500.00 / case)

21. 3 – Light Field Less Lethal Super Star (MSRP $1,500.00 / case)

22. 1 (USED IN TRAINING) – Light Field Less Lethal HV Star (MSRP $1,500.00 / case)

23. 2 – Light Field Less Lethal Rubber Slug Mid-Range (MSRP $1,500.00 / case)

24. 2 – Light Field Less Lethal Rubber Slug Extended Range (MSRP $1,500.00 / case)

YC12470

EXHIBIT "B"

# Current Inventory of CSAU Property at York County Prison

| | |
|---|---|
| 3 | TAN ROLLER BAGS |
| 1 | BLACK ROLLER BAG |
| 2 | HEL-STAR HELMET LIGHTS |
| 1 | SHOCK KNIFE CASE W/ KNIVES |
| 2 | GRAY HELMETS |
| 2 | PERSONAL DEFENSE WEAPONS (PDW) |
| 2 | AMMO MAGAZINES |
| 1 | FN-303 W/ CASE |
| 1 | KSG CLEANING KIT (BLACK) |
| 3 | GREEN COVERALLS |
| 2 | BLUE COVERALLS |
| 1 | TEAL FIRE RESISTANT ARM PROTECTOR |
| 1 | LT GREEN BAG WITH LIGHTS |
| 1 | BLOOD PRESSURE KT (BLACK) |
| 3 | BLACK RAPELLUNG GEAR BAGS |
| 2 | K9 BITE SUITS |
| 1 | K9 SCRATCH APRON |
| 1 | K9 BITE SLEEVE |
| 2 | BLACK AND YELLOW DEWALT KITS |
| 2 | BLEED CONTROL LIMBS |
| 1 | BLEED CONTROL TRAINING KIT |
| 1 | MEDICAL BAG (TAN) |
| 1 | GRAY VEST |
| 2 | BLACK AND ORANGE RIDGID KITS |
| 1 | FIRE EXTINGUISHER |
| 3 | DOG CRATES |

_[signature]_      12/21/2022

Intel Commander      Date

# EXHIBIT "C"

## AFFIDAVIT OF JOSEPH GARCIA
Individually and As Agent for CSAU, LLC
6650 Rivers Avenue, Suite 105
4946 North Charleston, South Carolina 29406

My name is Joseph Garcia. I am an agent for CSAU, LLC, described above. This Affidavit is based upon my personal knowledge and information. I am giving this statement under the penalty of perjury as provided in 18 P.S. §4904. The following statements are true and correct and based upon my personal information and belief.

1.

During the time that I was providing training on behalf of CSAU, LLC, I came in the possession of certain security surveillance tapes that were taken by the surveillance cameras at the York County Prison. In addition, I obtained training videos that were involved in the training of correction officers at the York County Prison.

2.

A request has been made by the County of York and its Prison Board for the return of all surveillance and training video tapes in my possession.

3.

I do not have possession of any of those tapes because they were on a hard drive in a portable computer that crashed and I was unable to retrieve any of the video tapes that were in my possession and on that portable computer.

4.

In addition, any other security surveillance video tapes from York County Prison or any training tapes that I have possession of or anyone that had possession or which was available to CSAU, LLC have been destroyed or deleted and do not exist. I recognize that I am making this statement under penalty of perjury and in accordance with the provisions of an agreement that requires either the return of surveillance and training videos or a sworn statement that they have been destroyed and are not available.

5.

I do hereby declare, attest, and affirm, under penalty of perjury, as provided in 18 P.S. §4909, that the above statements are true and correct based upon my personal information and belief.

Signed this 3 day of January, 2022.

_____    _____
Ann Bonnet                  Joseph Garcia
Witness

YC12473

## EXHIBIT "D"

(4.) "CSAU" and "County" agree that the safety and security of the York County Prison and the care, custody, and control of inmates requires strict confidentiality of the details of the "CSAU" system to maintain its effectiveness. Therefore, "CSAU" and "County" agree that neither party will publish or reveal to the public or any other source any training material and operational enforcement material including scope of training documents, photographs, video, and sound recording taken in or outside the facility and any material generated by, during, or used in the training, investigation, and operation of the "CSAU" system except as required by an Order of Court having jurisdiction over the parties to this Agreement.

(5.) It is agreed that "CSAU" shall, to the fullest extent permitted by law, indemnify and hold harmless the "County", their agents, officers, and employees from and against all claims, damages, losses, and expenses including, but not limited to, attorney's fees arising out of or resulting from the performance of the services being provided, that any such claim for violation of rights, or damages, loss, or expense is attributable to bodily injury, sickness, disease, or death or to injury, to or destruction of tangible property including the loss of the resulting use therefrom and as caused in whole or part by any negligent act or omission of "CSAU" or anyone acting directly or indirectly for it or anyone for whose acts any of them may be liable regardless of whether or not it is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge, or otherwise reduce any other right or obligation or indemnify which would otherwise exist as to any party or person described in this paragraph.

(6.) "CSAU" shall purchase and maintain such liability insurance as is necessary to protect "County" from any claims that may be made arising from the services provided by "CSAU". The contractor or insurance shall cover both the County of York and the York County Prison Board, their agents, officers, and employees. The insurance shall cover both statutory and common law claims including civil rights claims and any other claim arising from said services. The insurance shall be in the basic amount of $500,000.00 per incident, $1,000,000.00 in the aggregate; and shall be provided by an insurance company acceptable to the "County". "CSAU shall provide a copy of such liability insurance policy, naming York County and the Prison Board of Inspectors as an additional insured, within ten (10) business days of the signing of this Agreement.

(7.) In addition, "CSAU" agrees to provide support and to defend "County" and any of its Correction Officers, agents, or employees in any litigation, dispute, or arguments regarding the training tactics and de-escalation techniques which comprise the services being provided hereunder. "CSAU" agrees to provide expert witness testimony and guidance as may be needed in any litigation. Cost associated with expert witness testimony and guidance shall be that of "CSAU".

YC12474