# EXHIBIT "C"

**(Attached hereto as Exhibit "C" is a true and correct copy of Bates numbered document labeled SCHWENK 000041, and Bates numbered documents labeled SCHWENK 000072- SCHWENK 000076)**

801

# YORK COUNTY PRISON
# INMATE GRIEVANCE

**Inmate Name:** Christopher L. Schwenk        **Pouch Number:** 29765

**Signature of Inmate:** Christopher Lee Schwenk

**Date:** 4/1/21        **Housing Assignment:** SC-7B

**Instructions:**
1. I am a Pretrial Detainee ☐    Sentenced Inmate ☐    ICE Detainee ☐
2. Refer to the Inmate Handbook for procedures on the inmate grievance system.
3. State your grievance in Block A in a brief and understandable manner.
4. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**Block A.** Provide a brief, clear statement of your grievance. You may use the backside of this form for additional space. State all relief that you are seeking. On March 31, 2021 at 7:55am I was pulled from my cell made to get down on my knees while handcuffed with my hands behind my back. I was made to remain there for approximately 7:00 minutes and then made to strip for the public veiwing of this private contractor Garcia whom was also the K-9 handler. I was then taken to the dayroom and told to sit at a table that was next to a table that they had the K-9 sitting on. The K-9 made eye contact with me and moved to strike and when I objected to being made to move past the K-9 I was forced to do so. The K-9 moved to actually bite and Garcia had to scream a command at the K-9 who's name was XO. Throuout this entire hostage situation the K-9 was not tethered or restrained at all. Garcia continuously threatened to order the K-9 to attack me and repeatedly told the officer's to use deadly force if anyone moved in the slightest. Garcia made a show of having the armed officers line up and march back into the gymnasium where we were held hostage, handcuffed and facing the wall for five hours. While the officers armed with ten gauge tactical shotguns were re-entering the gym one of the officers registered his shotgun erronously ejecting a live 10 gauge shell onto the concrete floor beside were I was being tourtured. The live round had a green plastic casing with a brass colored bottom and was a 10 gauge shell. They all form a gun line behind us and Garcia told these men to lock and load, at which time we heard them all chamber their weapons, He then commanded them to aim! The men of the C-SAU Team where then told to shoot using deadly force

**Block B.** List actions taken and staff you have contacted before submitting this grievance. if any of us moved while the nursing staff came to ask us questions. He further stated that the use of deadly force would be justified if we moved because he would state that we where trying to take the nurse as a hostage. He again ordered the armed team to shoot us if we moved and began giving commands to the K-9 and told us that he was going to have said K-9 bite and attack us as well all while I was facing a wall handcuffed for five hours. I can't sleep and no longer feel safe. I

Your grievance has been received and will be processed in accordance with the Inmate Handbook.
want my charges dropped and to be released and awarded $1,000,000.00

_____        _____
Signature of Complaint Supervisor                          Date

Grievance received on _____

Grievance referred on _____ to Medical / MH / Kitchen / Other _____

SCHWENK 000041

* I SPOKE TO Lt. GUERAN AND WAS UNABLE TO RESOLVE THIS MATTER.

# YORK COUNTY BOARD OF COMMISSIONERS

COMMISSIONERS
JULIE WHEELER, PRESIDENT
DOUG HOKE, VICE PRESIDENT
RON SMITH, COMMISSIONER



ADMINISTRATOR/CHIEF CLERK
MARK E. DERR

SOLICITOR
MICHELLE POKRIFKA

ASSISTANT SOLICITOR
DONALD L. REIHART

**SOLICITOR'S OFFICE**
YORK COUNTY ADMINISTRATIVE CENTER
28 East Market Street, York, PA 17401

June 23, 2021

Inmate Christopher Schwenk #29765
York County Prison
3400 Concord Road
York, PA 17402

RE:  Solicitor's Review – Inmate Christopher Schwenk #29765
     Complaint Register No. M042821D-2193

Dear Inmate Schwenk:

The following constitutes a response to the appeal that you filed from the determination made by the Deputy Warden on June 8, 2021.

I.

**PROCEDURAL AND FACTUAL BACKGROUND**

An appeal has been filed under the Complaint Review System established at the York County Prison by inmate Christopher Schwenk. The date of the appeal is June 10, 2021.

The original 801 filed by the inmate states as follows:

> Upon entry to this facility I expressed my need for counseling to combat my severe struggle with PTSD. I also informed the Mental Health staff here that I was in need of the prescribed medication that are on record at SCI Mahonoy. I went without medication or any type of counseling for months. Up to date, I have still being denied counseling due to the fact that the only way mental health will have someone sit down with me or any other inmates is in common areas-via the hallway bench, or at the doorway to my housing unit. I spoke up about this being a violation of HIPPA privacy rights because I would be forced to speak about very intimate issues and life's experiences in front of correction officers, any other staff that happens by and fellow inmates alike. In that

SCHWENK 000072

Inmate Christopher Schwenk #29765
Page 2

instance they had a male member of the mental health staff call me into the hallway to basically threaten me by stating that he came to see me because I had been "Red Flagged". I took the threat seriously enough to no longer ask for help. At the hands of county employed corrections officers and a private citizen I was victimized in a fashion that can only be described as a terrorist attack when I was to my knees at the threat of gun point or being tased, almost bitten by an untethered K-9 trained dog, strip searched for the private viewing of a private citizen, handcuffed, and made to face a wall for five hours and then threatened with lethal force while untrained officers formed a gun line behind me. In response to a grievance that I submitted I was seen by a member of the mental health staff and was again forced to speak while sitting on the before mentioned bench, during that interview I was once again made to feel that they're only interest was trying to get me to say something that would allow them to lock me down in this facility. For the record, I DO NOT WISH TO HARM MYSELF NOR ANYONE ELSE!!! Due to the gross negligence that this Mental Health staff has subjecte4d me to I'm seeking $250,000.00 in damages and will be seeking to have the male that I spoke of above mentioned terminated and lastly I want released to me any and all audio/visual surveillance from all my interactions with mental health staff here as well as any audio/visual surveillance from the incident (terrorist attach) on 3/31/2021. I have tried to talk about this problem to C/Os, MH staff without ever finding any relief.

The Grievance Coordinator Designee reviewed this complaint and stated:

    I am in receipt of your Grievance dated 4/23/2021. I regret that the Mental Health department has been limited to meeting inmates for therapeutic reasons in an area other than a private office. York County Prison administration, medical staff and mental health staff have been working diligently to avoid a COVID-9 outbreak in the prison. Many other prisons and jails across the country have failed at this effort and are suffering with mass outbreaks. The health and safety of all inmates, staff and members of the community is the utmost priority of York County Prison. Precautions have been established to ensure that everyone is safe. Various housing pods are on lock down and our therapeutic meeting have to be conducted cell side (with social distancing and facemasks) for your safety and the safety of others. I regret that this has inconvenienced you. I would not want to remove you from a safe housing unit and possibly have you infected with COVID-19 by transporting you and/or hundreds of inmates to private offices every day. I am optimistic that with the introduction of the COVID 19 vaccine and ongoing mitigation strategies being implemented in the prison, we will be able to resume regular in-office therapeutic session with inmates. Once this occurs, we will be able to satisfy the request on your 801. Until then, please let me know if I can assist you in any other way.

Inmate Christopher Schwenk #29765
Page 3

    Security and safety are important to everyone at York County Prison. In the event that you are feeling uncomfortable/unsafe due to members of the security staff, you will be given the opportunity to speak about your concerns at your next mental health appointment. You will continue to see a Licensed Mental Health clinician as needed/requested in addition to a licensed Psychiatrist on an ongoing basis. Please let me know if I can assist you in any other way.

Deputy Warden Conway reviewed the complaint and stated:

    Your appeal concerning the search conducted on March 31, 2021 was received. In your appeal, you continue to argue that your rights were violated concerning matters "related to (your) psychosis". You also bring up separate issues such as cleanliness of a blood pressure cuff. You are requesting $500,000.00, the termination of Dr. Hall's employment and video footage of the event.
    As indicated in the Inmate Handbook, separate issues must be addressed with separate complaints. Thus, your allegation concerning the cleanliness of a blood pressure cuff, etc. will not be addressed within this response.
    According to prison records, you do not have psychosis. It is your choice whether or not to speak with anyone concerning your mental and/or physical wellbeing while around others. Inmates/detainees may meet with members of the mental health staff in-office at this time. Records indicate you did so back in May 2021. If you would like to continue to do so, please submit a sick call slip indicating such.
    The prison has the right to search you and your surroundings. HIPPA rights were not violated and no one was "tourtured" or taken "hostage". Your request for monetary compensation, the termination of Dr. Hall's employment, as well as video detailing the search is denied.

In his "806" the inmate states as follows:

    I have exhausted any attempt to resolve the many matters that are stemming from the 3/31/21 hostage situation that arose from myself and approximately (59) other inmates have been forced to endure. It was a training drill, that in which myself and the before mentioned inmates were used to practice inhumane acts on. The York County Prison's Administration and staff along with a private citizen "Joseph Garcia" did cuff my hands behind my back, force me to my knees and made me remain on my knees for (8) minutes, then stripped me naked in front of "Joseph Garcia" and his K-9 "XO" whom were both wearing body cameras as were all of the C-SAU members in training. We were then taken hostage to an area off camera in the New Gym and forced to face a wall for over (5) hours. During that time we were forced to eat while facing the wall handcuffed, threatened with lethal force and that we would be attacked by

Inmate Christopher Schwenk #29765
Page 4

the K-9 "XO" if we moved in the slightest, and since had our identify and images used for advertisement without our permission in which we were slandered as "sinners". The inhumane behavior and treatment is still ongoing and I have written (9) grievances in regards to these many issues and been given the run around and denied relief. The medical and mental health departments here have been denying me treatment or acting as civil conspirators in an attempt to cover all this up. And now Deputy Warden Conway has included himself by trying to play word games to justify denying my request that my current charges be dropped and that I be released immediately, that staff members involved in the civil conspiracy to cover these criminal acts up be terminated and that I be compensated monetarily for my injuries. And now, Deputy Warden Conway you're being included as a debtor and we hereby notified that I'll be moving to enact liens on any and all property available to be held as security or payment for debt. The Complaint #M042821D lists my over-all problem that includes the incident from 3/31/21 and remains relevant due to the fact that Mental Health admits that they were forcing me to discuss problems with my PTSD, that is on record, in front of C?Os and inmates and they Mental Health called me down to their offices twice in May in an attempt to have me sign off on this grievance. You must also refer to Complaint #05021G for they combined their responses to both of the beforementioned complaints and yet have now attempted to denied my grievances because I've been forced to list the issues together in order to respond. I'm now asking for an additional $5,000,000 as compensation.

## II.

### DISCUSSION AND DETERMINATION

This inmate's complaint involves, initially, a claim violation of HIPPA privacy rights. This is based upon his report that he was forced to speak about very intimate issues in front of correction officers and any other staff that happens by and fellow inmates alike.

This matter was investigated by the staff who determined that the inmate's complaints were not well founded. His HIPPA objection was precipitated by the COVID-19 outbreak in the York County Prison and was explained by Dr. Hall, the mental health officer who met with the inmate.

The inmate claimed $250,000.00 in damages and increased that amount in his 806 appeal to the sum of $5,000,000.00. We do not believe that this inmate has put together a valid appeal that justifies relief.

The inmate has described no physical force that has caused him to suffer an injury. While he describes the activities that were caused while his cell area was being searched, none of them included being physically harmed.

Inmate Christopher Schwenk #29765
Page 5

The Federal Prisoner Litigation Reform Act provides the follow:

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in Section 2246 of Title 18, United States Code 42 USCS §1997(d)(4) and (e)).

The inmate has failed to make out a valid basis for relief. Therefore, this matter is not appropriate for reference to the Complaint Review Board.

Appeal denied.

**Notice of appellate rights:**

You may appeal this decision by writing a letter, explaining reasons why your request or claim should be granted. The letter should be addressed to: Chairman (President), Inspectors of the York County Prison (York County Prison Board), 28 East Market Street, York, Pennsylvania 17401.
If an inmate leaves the York County Prison for any reason, the inmate must advise the Solicitor's Office, in writing, of a valid forwarding address. The failure to do so will automatically foreclose the inmate's right to obtain a Right-To-Sue Letter, and/or exhaust their Administrative remedies.

Sincerely,

Donald L. Reihart
Solicitor for the York County Prison Board

DLR/nlb

SCHWENK 000076