# PRENUPTIAL AGREEMENT

This Prenuptial Agreement ("Agreement") is made on January 12, 2018, in Modesto, California, between **Joseph Garcia** ("Joseph") and **Shawna K. Johnston** ("Shawna"), collectively the "Parties," in contemplation of their marriage on January 12, 2018.

## RECITALS

WHEREAS, this is the second marriage for both Parties, and each owns separate property, businesses, and liabilities acquired prior to marriage;

WHEREAS, the Parties desire to keep all assets, income, and businesses (existing or acquired during the marriage) separate, with no commingling or joint financial obligations;

WHEREAS, Shawna, as the primary earner through her medical career and private businesses, agrees to cover domestic expenses;

WHEREAS, the Parties seek to protect their separate property from claims by ex-spouses, particularly Joseph's ex-wife, and from each other's business liabilities;

NOW, THEREFORE, in consideration of the mutual promises herein, the Parties agree as follows:

## 1. Separate Property

1.1 **Definition**: Each Party's separate property includes all assets, income, businesses, and liabilities owned or acquired before or during the marriage, as listed in **Exhibit A** (Joseph's Separate Property) and **Exhibit B** (Shawna's Separate Property), attached and incorporated herein.

1.2 **Retention**: Each Party's separate property shall remain their sole property, free from any claim, access, or control by the other Party, including but not limited to real estate, bank accounts, investments, personal property, and businesses (e.g., any business formed by Shawna during the marriage, such as Consulting, Training, K9 Breeding and Sales, Online Resource).

1.3 **Protection from Ex-Spouses**: Each Party's separate property shall be free from claims by the other Party's ex-spouses, including Joseph's ex-wife, ensuring no liability or access to Shawna's assets or businesses.



## 2. Separate Businesses

2.1 **Individual Ownership**: All businesses owned or acquired by either Party before or during the marriage, including any business formed by Shawna (e.g., any business formed by Shawna during the marriage, such as Consulting, Training, K9 Breeding and Sales, Online Resource), shall remain the sole property of the owning Party. Neither Party shall have any ownership, claim, management, or financial interest in the other's businesses.

2.2 **No Financial Access or Control**: Neither Party shall have check-writing authorization, access to bank accounts, or control over the other's business accounts or operations at any time during the marriage.

2.3 **No Commingling**: All business income, expenses, and liabilities shall remain separate, with no commingling of funds or joint financial responsibility.

2.4 **No Liability for Business Actions**: Each Party shall be solely responsible for liabilities arising from their own businesses, and neither Party shall be liable for the other's business actions or obligations, including legal actions related to such businesses.

## 3. Domestic Expenses

3.1 **Responsibility**: Shawna, as the primary earner through her medical career and private businesses, shall solely cover all domestic expenses, including utilities, rent, and food, with no financial contribution required from Joseph.

3.2 **Joint Credit Cards**: Any joint credit cards shall be used solely for domestic expenses, approved and paid exclusively by Shawna. Joseph shall have no liability for such cards.

## 4. Future Purchases

4.1 **Separate Ownership**: Any property purchased during the marriage (e.g., houses, automobiles, recreational equipment) with a Party's separate funds shall remain that Party's separate property, with no claim, access, or ownership by the other Party.

4.2 **Loans and Liabilities**: Each Party shall be solely responsible for loans or liabilities incurred for their purchases, per the terms of any lease or financial lending institution, with no claim by the other Party upon release of such obligations.

## 5. No Commingling of Funds

5.1 **Separate Finances**: The Parties' funds, including personal and business bank accounts, investments, and income, shall remain separate and not be commingled or jointly shared at any time during the marriage.

5.2 **Separate Accounts**: Each Party shall maintain separate personal and business bank accounts, with no access, authorization, or control by the other Party.

## 6. Notice of Legal Actions

6.1 **No Duty to Notify**: Neither Party shall be responsible for accepting or notifying the other of legal actions, lawsuits, or claims related to their separate businesses, property, or domestic legal notices arising from previous marriages, as each Party's business operations and personal legal matters are independent and separate.

## 7. General Provisions

7.1 **Voluntary Execution and Disclosure**: The Parties enter this Agreement voluntarily, without coercion or duress, and have fully disclosed all assets, income, and liabilities (Exhibits A and B). Each Party has had the opportunity to consult independent legal counsel and waives such consultation based on mutual trust and understanding.

7.2 **Governing Law**: This Agreement is governed by California law (Cal. Fam. Code § 1615). Notarization is not required, as both Parties acknowledge mutual trust and full comprehension of the terms.

7.3 **Severability**: If any provision is deemed invalid, the remaining provisions remain enforceable.

7.4 **Entire Agreement**: This Agreement constitutes the entire understanding between the Parties, superseding all prior agreements.

7.5 **Amendment**: This Agreement may only be amended in writing, signed by both Parties.

**IN WITNESS WHEREOF**, the Parties execute this Agreement on January 12, 2018, in Modesto, California.

/s/ **Joseph Garcia**
Joseph Garcia
5413 Powell Rd, Denair, CA 95316

/s/ **Shawna K. Johnston**
Shawna K. Johnston
5413 Powell Rd, Denair, CA 95316

**Acknowledgment**: We, Joseph Garcia and Shawna K. Johnston, confirm that we have read, understood, and voluntarily executed this Agreement with full disclosure of our financial circumstances, intending to keep our assets, businesses, and liabilities separate.

/s/ **Joseph Garcia**
Date: January 12, 2018

/s/ **Shawna K. Johnston**
Date: January 12, 2018

## Exhibit A: Joseph Garcia's Separate Property (as of January 12, 2018)

- All personal business bank accounts.
- Personal vehicle.
- Personal K9.
- Personal clothing.

## Exhibit B: Shawna K. Johnston's Separate Property (as of January 12, 2018)

- All Wells Fargo bank accounts (personal and business).
- All Chase bank accounts (personal and business).
- French breeding business.
- Previous dairy business.
- Previous real estate business.
- 401(k) accounts, including 50% of previous husband's 401(k).
- All inheritance assets and future heirlooms.
- Professional medical career salary.
- All personal vehicles.
- All furniture.
- All artwork.
- All private financial investments.
- All jewelry and precious metals.
- All farm animals, pets, and working farm animals.
- All children's college financial bank accounts.
- Any businesses formed during the marriage, including future medical training, consulting business, Consulting, K9 Breeding, Farm development and online resource businesses.