## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LEE SCHWENK, et. al,** | |
| | **C. A. No.  1:21-CV-2079** |
| **Plaintiff,** | |
| **v.** | **JURY TRIAL DEMANDED** |
| **JOSEPH GARCIA, et. al,** | |
| **Defendants.** | ***Electronically Filed Document*** |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT JOSEPH GARCIA'S MOTION TO COMPEL

Plaintiffs Christopher Lee Schwenk and Keith Druck, pursuant to Local Rule 7.2, and by and through their attorneys The Chavez-Freed Law Office and Abramson & Denenberg, P.C., respectfully and timely submit herein their Opposition To Defendant Joseph Garcia's Motion to Compel. (Doc. 147).

## PROCEDURAL HISTORY

The procedural history of this matter to July 11, 2025 is recounted in Plaintiffs' Omnibus Memorandum Of Law In Opposition To Defendant Joseph Garcia's Rule 60(b) Motion To Vacate And Rule 12(b) Motion To Dismiss, filed on that date. (Doc. 119.)

Defendant Garcia included in his Motion to Vacate four requests for production of documents concerning video, an "HRSS Report" and certain other related materials created by and originally produced to Plaintiffs in this litigation by settling Defendant York County ("York County Materials").  (Doc. 117-2, at 14-15.)  Plaintiffs forwarded the York County Materials to Mr. Garcia on August 4, 2025, following the Court's Order of July 16, 2025. (Docs. 146 and 125, respectively.)

From July 17 until July 25, 2025, Mr. Garcia made nine (9) docket filings, in addition to multiple Exhibits, of various matter that he asserts is relevant to his prior Motions to Vacate and Dismiss, including a Motion to Expedite on July 25, 2025. (Docs. 126 – 140.)  On July 29, 2025, this Court entered an Order denying Defendant's Motion to Expedite and instructing Defendant that he "shall not file any additional supplemental material related to the currently pending motions without first filing a motion for permission to file such materials." (Doc 141.)

Defendant ignored this Court's Order and instead, on August 6, 2025, without seeking permission to do so, filed a further Reply Brief in support of his 60(b) and 21(b) motions, repeating arguments he had made earlier (Doc. 145, at 2.) Defendant combined that filing with a new "Motion for Sanctions," purportedly "Pursuant to Rule 37", complaining that Plaintiffs had not produced the York County Materials. (*Id.*, at 1.)  Mr. Garcia did not attempt to comply with the meet

2

and confer obligations imposed by any of F.R.C.P. R. 37(a)(1), Local Rule 26.3, or this Court's mandatory procedures which a moving party is to utilize "prior to filing a motion to compel or any other type of discovery-oriented motion."

On August 12, 2025, Defendant filed the instant "Motion to Compel Full Production", complaining that, although he had in fact received the York County Materials that were the subject of his sanctions motion, the included "videos [are] labeled 'edited' by York County." (Doc. 147, at 1.)  Again, prior to filing his motion under FRCP R. 37, Defendant did not comply with the meet and confer obligations or procedures required by this Court, the Local Rules, or the Federal Rules.

On August 19, 2025, Defendant filed a "Supplemental Brief" in further "support of my Motion to Vacate, Motion to Dismiss, Motion for Sanctions, and Motion to Compel Addition Discovery." (Doc. 155.)  Despite its title and substance, in that "Supplemental Brief," Defendant nonetheless falsely stated that he only "address[ed] new issues without supplementing pending motions." (*Id.*, at 1), as he has in each of his filings following the Court's July 29, 2025 Order directing that he not "file any additional supplemental material related to the currently pending motions."

Also on August 19, 2025, Defendant again filed a motion "for an expedited ruling on my Motion to Vacate, Motion to Dismiss, and Motion for Sanctions by

August 29, 2025." (Doc. 152, at 1.)

Finally, on August 22, 2025, Defendant filed a "Motion for Judgment On The Pleadings" (Doc. 160), and docketed the "HRSS Report" which was among the York County Materials he requested in his RFPs, was the subject of his sanctions motion, and which was produced to him on August 4, 2025. (Doc. 161.)

## FACTS

In his motion to compel, Defendant Garcia seeks "unedited evidence and all requested documents," and claims that Plaintiffs produced to him a "condensed" HRSS Report "lacking full interviews, appendices." (Doc. 147, at 1, 2.)

In fact, after filing his Motion to Compel, Defendant proceeded to file on the Court's docket the full, uncondensed report with all interviews and appendices (Doc. 161), which Plaintiffs produced to him on August 4, 2025. (Doc. 146.) Defendant inserted in his filing a cover sheet stating that the full HRSS Report is "Doc. 146", which is, in fact, Plaintiffs' Certificate of Service for the production.

In his motion to compel, Defendant Garica seeks "unedited videos." (Doc. 147, at 2.)  Plaintiffs produced to Defendant all of the videos in their possession, pursuant to this Court's Order of July 16, 2025. (Doc. 125.)  Defendant also acknowledges that the "videos [are] labelled 'edited' by York County."  (Doc. 147, at 1.)

In his motion to compel, Defendant Garica complains that he has not

received from Plaintiffs service logs, "communications (e.g., with Matthew Clayberger), payment records, or unedited videos." (*Id*.) The Court's Order of July 16, 2025 (Doc. 125) referred to Defendant's requests contained in Doc. 117-2. Plaintiffs produced all responsive documents within their possession, custody or control. Payment records and service logs are not included in the requests at Doc. 117-2. These issues could easily have been resolved through the mandatory meet and confer process had Defendant chosen to comply with the Federal and Local Rules and this Court's procedures.

## **ARGUMENT**

This Court should deny Defendant's motion to compel on several grounds, each of which independently and sufficiently mandates denial. Plaintiffs will not belabor the Court with extraneous elaboration of their arguments, which are simple.

First, Defendant motion to compel discovery should be denied due to his utter failure to comply with the meet and confer obligations imposed by the Federal and Local Rules and this Court's mandatory procedures for discovery-oriented motions.

Second, Defendant seeks material which has already been produced to him – the HRSS Report and the videos, as they were produced in this litigation by settling Defendant York County. His request is nonsensical, at best.

Third, Defendant complains that the has not received materials – "payment records" and "service logs" – that are not included in his document requests.

Fourth, Plaintiffs have produced all responsive documents within their possession, custody or control.

Most fundamentally, there is no basis for further discovery or proceedings in this case. Although Defendant repeatedly argues in his many filings that the HRSS Report "clears me," (*e.g.*, Doc. 130 at 3), his assertion is unsupported and indeed contradicted by the Report. The Report does not suggest that he has a meritorious defense.

Defendant argued in his motion to vacate that he was merely a "volunteer," and that the HRSS Report "found all inmate complaints . . . to be without merit, supported by video evidence and contradictory statements from other inmates." (Doc 117, at 4.) In an attempt to establish these facts he sought discovery of the HRSS Report. (Doc. 117-2, at 14-15.) The Report contradicts both assertions.

The Report does not suggest that Defendant was a volunteer. It refers to him only as "Senior Team Leader Joseph Garcia" (Doc. 161, at 22) and "STL Garcia." (*Id.*, *passim*.) Other than identifying him as the "Senior Team Leader" it is silent regarding his relationship to CSAU.

The Report does not "clear" Garcia. It contains interviews with seven inmates who stated that guns were "pointed directly at him and at others (*Id.*, at 63;

*see also*, same at 64, 66, 68, 69, 71, 73), and two who stated that they heard weapons cocking behind their backs. (*Id.*, at 68, 72.)

The Report acknowledges that audio of the incident is lacking, and that "[i]t is unclear as to why there is gaps in the coverage, both video and sound." (*Id.*, at 8.)

A meritorious defense is one which "would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). To present a meritorious defense, a defendant must "'assert specific facts supporting the existence of a prima facie meritorious defense' as opposed to generally denying the allegations announced in the complaint." *NWL, Inc. v. Brokerage Concepts, Inc.*, 2017 WL 5515955, at *1 (E.D. Pa. Feb. 15, 2017) quoting *NuMed Rehab., Inc. v. TNS Nursing Homes of Pennsylvania, Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999); *Tecmarine Lines, Inc. v. CSX Intermodal, Inc.*, 2001 WL 950155, at *2 (E.D. Pa. Aug. 13, 2001) (finding meritorious defense based on supporting detailed allegations of fact concerning transaction).

The HRSS Report does not suggest that Defendant has a meritorious defense. He therefore has no need of discovery beyond that sought in his motion to vacate, which has already been produced to him, and his motion should accordingly be denied.

Finally, Plaintiffs respectfully submit that a denial of relief here would be a sound exercise of this Court's judicial discretion. Defendant has repeatedly ignored the Court's Order that he refrain from filing material related to his motion to vacate, instead peppering the Court's docket with frivolous and improper filings. Plaintiffs submit that the record is sufficiently complete to decide all currently pending motions.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs Christopher Lee Schwenk and Keith Druck respectfully request that the Court deny Defendant Joseph Garcia's Motion to Compel.


Respectfully Submitted,


/s/Leticia C. Chavez-Freed, Esq.
The Chavez-Freed Law Office
PA Bar ID 323615
2600 N. 3rd Street, 2nd Floor
Harrisburg, PA. 17110
leticia@chavez-freedlaw.com
Ph: (717) 893-5598
*Counsel for Plaintiff*