**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER LEE SCHWENK and KEITH DRUCK | : | Civil No. 1:21-CV-02079 |
| Plaintiffs, | : | |
| v. | : | |
| JOSEPH GARCIA, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Defendant Joseph Garcia ("Garcia") moves to dismiss Plaintiffs Christopher Lee Schwenk ("Schwenk") and Keith Druck's ("Druck") (collectively, "Plaintiffs") amended complaint, Doc. 19. (Doc. 179.) For the reasons explained below, the Court will deny Garcia's motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court writes for the parties and provides only a brief recitation of amended complaint's factual allegations.[1] It includes additional allegations where they are relevant below. Schwenk was incarcerated at York County Prison as a pretrial detainee. (Doc. 19, ¶ 6.) Druck was a "convicted prisoner" incarcerated at York County Prison. (*Id.* ¶ 7.) Plaintiffs allege Garcia is the owner and founder of Corrections Special Application Unit, LLC ("CSAU1"). (*Id.* ¶¶ 8–9.) Generally,

[1] For a more extensive recitation of the factual allegations contained in Plaintiffs' amended complaint, *see* Doc. 52, pp. 3–11.

Plaintiffs allege that CSAU1 offers "Corrections Special Operations Services" and advocates for using "militaristic" and "combat" tactics that are dangerous to prison inmates. (*See id.* ¶¶ 25–37.) They claim York County contracted with Garcia and CSAU1 to "train [York County Prison] staff, to create policies for [York County Prison], and to create and implement a [York County Prison] Special Operations Unit . . . ." (*Id.* ¶ 39.) The amended complaint brings a series of Constitutional and state-law tort claims against Garcia and CSAU1. (*Id.* ¶¶ 155–203.)[2]

Plaintiffs filed their amended complaint on March 3, 2022. (Doc. 19.) Garcia filed the instant motion to dismiss and an accompanying brief in support on January 7, 2026. (Docs. 179, 180.) Plaintiffs filed a brief in opposition to the motion to dismiss, and Garcia filed a reply brief. (Docs. 182, 184.) Therefore, the motion is ripe for disposition.

## JURISDICTION AND VENUE

Plaintiffs' amended complaint brings several claims arising under federal law, and their state law claims are substantially related to those federal claims, so the court has jurisdiction under 28 U.S.C. §§ 1331 and 1367(a). Venue is proper in this district under 28 U.S.C. § 1391(b) because the events alleged in the amended complaint occurred here.

[2] Plaintiffs' amended complaint names several other Defendants, but only their claims against Garcia and CSAU1 remain pending. (*See* Doc. 100, pp. 1–2 (approving the parties' stipulation to the dismissal of Plaintiffs' claims against all Defendants except for Garcia and CSAU1).)

## STANDARD OF REVIEW

Garcia moves to dismiss Plaintiffs' amended complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. 179, p. 1.)[3] However, as the court explains below, the arguments Garcia presents in his brief in support of the motion to dismiss relate specifically to the adequacy of Plaintiffs' service of process and the factual allegations contained in their amended complaint. Therefore, the court construes Garcia's motion to argue for dismissal under Rules 12(b)(5) and 12(b)(6).

Rule 12(b)(5) allows a Defendant to challenge a complaint for "insufficient service of process." Federal Rule of Civil Procedure 4 outlines the process of serving an individual defendant. A Rule 12(b)(5) motion may challenge either the method or lack of service. *McDonald v. SEIU Healthcare Pa.*, No. 1:13–CV–2555, 2014 WL 4672493, at *3 (M.D. Pa. Sept. 18, 2014). The party "asserting the validity of service" bears the burden of proving they served the moving party properly, but the moving party must identify how service was defective. *Id.*

In order "[t]o survive a motion to dismiss [brought under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

[3] For ease of reference, the court uses the page numbers from the CM/ECF header.

570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n.7 (3rd Cir. 2020).

## DISCUSSION

Garcia first argues that Plaintiffs failed to properly serve him with a summons and a copy of the complaint. (Doc. 180, pp. 2–3.) Then, he disputes the amended complaint's factual allegations. (*Id.* at 3–5.) The court addresses those arguments in turn.

### A. Plaintiffs Properly Served Garcia.

Garcia claims Plaintiffs failed to properly serve him with a copy of the complaint and summons according to the requirements in Federal Rule of Civil

Procedure 4. (Doc. 180, p. 2.) Instead of serving him personally, he argues, they served the required materials on a "business location associated with" CSAU1 through a registered agent authorized to accept service for that business. (*Id.*) Garcia claims he "was not an owner, employee, officer, or registered agent of CSAU[1]," so service on that "company or location" does not qualify as personal service on him. (*Id.*)

In response, Plaintiffs point to their affidavit of service. (Doc. 182, pp. 3–4.) They claim the affidavit demonstrates that a process server served a registered agent authorized to accept service for both CSAU1 and Garcia. (*Id.*) Therefore, the affidavit creates a presumption of proper service that Garcia does not adequately rebut. (*Id.*)

In reply, Garcia argues that the affidavit merely establishes the presumption; it does not confirm proper service. (Doc. 184, p. 2.) He claims Plaintiffs fail to identify who served Garcia, where they served him, "in what capacity service was made," and "how any person served was authorized to accept service on Mr. Garcia's behalf." (*Id.*) Then, he argues that "[p]laintiffs do not dispute that Mr. Garcia was never CSAU's registered agent, owner, officer, employee, or authorized representative," and that those assertions are confirmed by "the public records cited in Defendant's opening brief, CSAU LLC identified another owner, and CSAU was dissolved in 2023." (*Id.* at 2.) After that, he claims that "Plaintiffs

provide no affidavit from a process server, no testimony, and no factual detail establishing proper personal service or authorized agency." (*Id.* at 3.) Finally, he claims that the affidavit does not cure the defects that led to the court's denial of Plaintiffs' first motion for default judgment. (*Id.*)

A panel of the United States Court of Appeals for the Third Circuit has recognized, in a nonprecedential opinion, that:

> [A] signed return of service generally creates a rebuttable presumption that service was validly performed. *Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 514 n.5 (3d Cir. 1971); *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008). A party may refute the presumption of valid service with sufficient evidence that service was not proper. *Blair*, 522 F.3d at 111–12; *see also* 4B Charles Alan Wright & Arthur R. Miller *Federal Practice and Procedure* § 1130 (3d ed.) ("Although the return of service of the summons and the complaint is strong evidence of the facts stated therein, it is not conclusive and may be controverted upon a showing that the return is inaccurate."). In such a case, the district court acts as a factfinder to resolve the issue. *See, e.g.*, *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 302 (2nd Cir. 2005). Ultimately, however, "[t]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).

*Babayoff v. Hazlet Manor Assocs.*, Nos. 22-1187, 22-1222 & 22-1303, 2023 WL 1813489, at *2 (3d Cir. Feb. 8, 2023) (per curiam) (footnote omitted). Plaintiffs demonstrate valid service here. Federal Rule of Civil Procedure 4(e)(2)(c) allows a plaintiff to serve an individual defendant by delivering a summons and a copy of the complaint to "an agent authorized by appointment or by law to receive service of process." The signed and notarized affidavit of service filed by Plaintiffs states

that the affiant served a registered agent authorized to accept service on behalf of both Garcia and CSAU1 on January 11, 2022, at 11:18 a.m. in Charleston, South Carolina. (Doc. 14, p. 1.) Because they filed that affidavit of service, Plaintiffs are entitled to a presumption of proper service. *Babayoff*, 2023 WL 1813489, at *2.

Garcia does not rebut the presumption. His motion argues that the registered agent could not accept service on his behalf, but he offers no evidence apart from his own unsworn assertions in his brief to support that statement. (*See* Doc. 180, pp. 2–5; Doc. 184, pp. 1–8.)[4] Moreover, he claims that Plaintiffs failed to provide an affidavit of service that included several key details, such as who served him and where service occurred. (Doc. 184, p. 2.) As explained above, that is inaccurate. (*See* Doc. 14, p. 1.) And the court's denial of Plaintiffs' first motion for default judgment does not bear on whether Plaintiffs served Garcia properly. (Doc. 115, pp. 1–3.) Accordingly, the court finds that Plaintiffs are entitled to the unrebutted presumption that they properly served Garcia, and it will deny Garcia's motion to dismiss Plaintiffs' amended complaint under Rule 12(b)(5). *See United States v. Cancio-Rivera*, No. 24-1335, 2025 WL 1179569, at *1 (D.P.R. Apr. 23, 2025) (finding that the record before the Court did not "evince a deficiency in the

[4] Garcia did not cite external documents in his brief in support of his motion to dismiss, nor did he attach exhibits, even though in his reply he claimed to rely on "the public records cited in Defendant's opening brief . . . ," Doc. 184, p. 2. (Doc. 180, pp. 1–5.)

process or in its service" where the 12(b)(5) movant "failed to produce an affidavit or any other evidence to sufficiently rebut the presumption of valid service").

**B. Plaintiffs Sufficiently Allege Garcia Owned CSAU1 And Was Personally Involved in The Conduct at Issue.**

Garcia next argues that Plaintiffs do not allege that he "owned, controlled, or directed CSAU[1]" or was personally involved in the purportedly unconstitutional conduct described in the amended complaint. (Doc. 180, pp. 3–4.) In response, Plaintiffs argue Garcia is incorrect; the amended complaint alleges that he both owned CSAU1 and was personally involved in the allegedly unconstitutional conduct. (Doc. 182, pp. 4–5.) Moreover, they claim Garcia's ownership or non-ownership of CSAU1 has no impact on their claims against Garcia arising out of his personal actions. (*Id.*)

In reply, Garcia argues that Plaintiffs fail to respond to his "showing that he was not an owner, employee, or authorized agent of CSAU." (Doc. 184, p. 3.) He argues Plaintiffs improperly rely on the amended complaint's allegations and "media articles" instead of "admissible proof" and corporate records proving his link to the business. (*Id.* at 3–4.) And, he claims, "[a]bsent proof that Mr. Garcia owned, controlled, or legally represented CSAU[1], Plaintiffs cannot establish that he is a proper defendant in this action." (*Id.* at 4.) After that, Garcia claims:

> Personal liability under § 1983 requires a showing of personal involvement and a proper basis to treat the defendant as a state actor or otherwise subject to § 1983 liability; Plaintiffs' allegations do not

> satisfy that standard as to Mr. Garcia. Plaintiffs cite no authority holding that disputed service on an entity's registered agent confers jurisdiction over an unrelated individual, or that allegations alone—unsupported by authority, employment, or agency—suffice to impose § 1983 liability on a private individual. Narrative plausibility cannot substitute for legal sufficiency.

(Doc. 184, pp. 4–5.)

The court construes these arguments to challenge the amended complaint under Federal Rule of Civil Procedure 12(b)(6).[5] Although it is not clear to the court why Plaintiffs must allege Garcia's connection with CSAU1 to state a claim against him for his individual conduct as described in the amended complaint, Plaintiffs do so; "Defendant Corrections Special Application Unit, LLC ('CSAUl') is a business founded and owned by Garcia with dubious and obscure origins." (Doc. 19, ¶ 9.) Moreover, they allege Garcia's personal involvement in the conduct described throughout the amended complaint. (Doc. 19, ¶¶ 24–38, 63–107.) For example, they allege that on March 31, 2021, "members of the C-SAUl

---

[5] Garcia references the court's "jurisdiction" at several points in his briefing. (*See* Doc. 184, p. 4.) But apart from his contentions about service of process, he offers no argument as to how the court lacks personal jurisdiction over him for the purpose of this action. (*See id.*) Nor does he offer evidence that could support a finding that the court lacks subject matter jurisdiction. *See Colur World, LLC v. Supmedic, Inc.*, 801 F. Supp. 3d 524, 529 (E.D. Pa. 2025) ("Once a defendant raises a jurisdictional defense, *supported by affidavits or other competent evidence*, the plaintiff must prove by way of similar supporting evidence that jurisdiction is proper.") (emphasis added). He similarly fails to adequately explain other arguments such as "expired statute of limitations" or that Plaintiffs fail to plead that he was a state actor. (Doc. 180, p. 4; Doc. 184, p. 4.) The court need not address conclusory arguments. *See Station Pass Ltd. Liab. Co. v. Shirley*, No. 1:25-CV-01785, 2026 WL 2474873, at *7 n.5 (M.D. Pa. Aug. 24, 2026).

Team and Garcia awoke inmates by barging in the pod and removing inmates from their cells at gunpoint. As the C-SAUl Team entered the pod, they had their guns drawn and began yelling instructions to the Plaintiffs and class members to stay in their bunks." (*Id.* ¶ 73.) Therefore, the court will deny Garcia's motion to dismiss on this basis.

## CONCLUSION

For the reasons explained above, the court will deny Garcia's motion to dismiss, Doc. 179. An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: October 28, 2026